## MARY L. AMES V. EDWARD BRINSDEN.

BREACH OF PROMISE OF MARRIAGE, *Action for; Practice; Error.* In an action for a breach of promise of marriage, the defendant was in default, and the court rendered judgment for the amount claimed in the petition, without any evidence being introduced in the case. At the next term of the court, the defendant moved to set aside the judgment on account of said irregularity. He made no claim or pretense that he had any defense to the action, or that the judgment would be reduced in amount if the case was heard upon its merits. The court set aside and vacated the judgment absolutely. *Held,* Error; that the judgment should have been set aside only conditionally — giving the plaintiff an opportunity to introduce evidence, and then the judgment should have been set aside, modified, or affirmed, in accordance with the evidence introduced.

### *Error from Elk District Court.*

ACTION for damages for a breach of promise of marriage, brought by *Mary L. Ames* against *Edward Brinsden.* Judgment by default for the plaintiff for $2,000, at the October Term, 1879, of the district court. At the April Term, 1880, the court vacated this judgment, of which order the plaintiff complains, and brings the case to this court. The facts appear in the opinion.

*H. P. Vrooman,* for plaintiff in error.

*T. L. Davis,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for a breach of promise of marriage. The defendant made default. On October 28, 1879, and at the October term of the district court of Elk county, judgment was rendered in favor of the plaintiff and against the defendant for the sum of $2,000, the amount claimed in the petition. The judgment as then rendered, and all the proceedings in the case, appear to be regular and valid. Afterward, and on April 9, 1880, and at the April term of said court, the defendant filed two motions, one to correct the record of the judgment, and the other to set aside and

vacate the judgment. The two motions were heard at the same time, and both were granted. The record of the judgment was so amended and modified as to make it show that the judgment was rendered without any evidence having first been introduced; and then the judgment was set aside and vacated, because of the fact that no evidence was introduced to sustain it. The first motion was heard upon evidence, but the second motion was granted solely upon the evidence presented by the record itself, as thus amended. The plaintiff now, as plaintiff in error, brings the case to this court and asks that the order of the court below setting aside and vacating her judgment shall be reversed.

Did the court below err in setting aside and vacating said judgment? That a court may at any time, on motion of either party, or on its own motion, under the statute, (Civil Code, § 575,) or independent of the statute, set aside or vacate any void judgment rendered in its own court, we suppose will be conceded. Also, that a court for good reasons may set aside or vacate or modify any interlocutory judgment or order previously made or rendered by it, up to the adjournment of the term of the court at which the final judgment is rendered, we suppose will also be conceded. Also, that a court for good reasons may set aside or vacate or modify any final judgment rendered by it, at any time during the term at which such final judgment is rendered, we suppose will also be conceded. Also, that a court for good reasons and under the provisions of the civil code, §§ 568 to 576, may reverse, vacate or modify any judgment or order rendered or made in its own court, we suppose will also be conceded; and that reviewing courts and courts of equity may often reverse, vacate or modify judgments or orders made in their own courts, or in other courts, we suppose will also be conceded. But does the order of the court below come within any of these conceded powers?

I. The defendant claims that the judgment of the court below as originally rendered was void; but in this we think he is in error. The court below had jurisdiction over the subject-matter of the action, and over the parties; and that

was sufficient to render its decision valid, however irregular or erroneous or voidable it might be. (*Burke v. Wheat*, 22 Kas. 722.) The plaintiff had set forth a cause of action in her petition, and claimed $2,000 damages. The defendant made default, and by this default admitted that everything stated in the petition was true, except the amount of damages. He admitted that she had a cause of action against him for some amount, ranging from a nominal sum up to $2,000. He admitted that she ought to recover some amount from him, but the exact amount he did not admit. That was a thing necessary for her to prove. At the time the judgment was rendered, she did not introduce any evidence, and the judgment, under such circumstances, should have been in her favor merely for nominal damages. If she had introduced evidence, she could have taken judgment for whatever damages she proved, up to the amount of $2,000. The defendant by his default admitted that she was entitled to a judgment for $2,000, provided she could prove that she had sustained that amount of damages. The court, however, inadvertently rendered judgment in her favor and against the defendant for $2,000, without any evidence being introduced to show the amount of damages which she had sustained. This judgment we think was irregular and voidable. The court might at any time during the term at which it was rendered have set it aside on motion of either party, or on its own motion. But the judgment was not set aside at any time during the term at which it was rendered; and, not being a void judgment, but only a voidable judgment, it could not be set aside absolutely at any time, and at any term afterward, as a void judgment may. It could then be set aside only under some rule for setting aside merely irregular and voidable judgments.

II. The defendant admits that this is not an interlocutory judgment or order, but that it is a final judgment.

III. The defendant also admits that the judgment was not set aside at the same term at which it was rendered, but at a subsequent term.

IV. We think the defendant will also admit that if this judgment is not a void judgment, then (it being a final judgment and rendered at a term of the court previous to the term at which the motion is made to set it aside) that it can be set aside or vacated only under the provisions of §§ 568 to 576 of the civil code. (Comp. Laws of 1879, pp. 679, 680.) That the judgment could have been set aside and vacated under and in accordance with said provisions, we think the plaintiff herself admits; but she claims that the judgment was not set aside or vacated in accordance with said provisions; and whether it was or not, we think is the only question now remaining for our consideration. We think that said provisions were not strictly complied with in all particulars. They contemplate that no judgment shall be set aside or vacated until it is shown that the defendant has some defense, or partial defense, to the action. Section 572 provides that "a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered." And this provision applies to judgments irregularly obtained, as well as to others. (Civil Code, § 568, sub. 3.) In the present case there is no pretense that the defendant has any valid defense, or any partial defense, to the plaintiff's action. From anything appearing in the case, the plaintiff is entitled to all the damages for which the judgment was rendered. From anything appearing in the case, she might, immediately after her judgment was set aside, have introduced evidence and obtained another judgment for the full amount for which her original judgment was rendered. There is no showing or pretense that the amount of the judgment was too great. The only ground for the motion to set aside and vacate the judgment was the technical ground that the judgment was irregularly obtained. Now the statute does not contemplate that judgments shall be set aside for mere irregularities, where the judgments are substantially right, and where the same judgment must again be rendered, if the case be heard upon its merits. The practice in such cases has already been considered to some extent by this court

in the case of *Meixell v. Kirkpatrick*, ante, p. 13. The proper course in the present case for the defendant to have pursued was to have filed an affidavit with his motion, stating and showing in his affidavit that the plaintiff was not damaged to the amount of $2,000, and asking that the case be set down for a hearing upon the evidence, so that it might be shown that she was not damaged to that amount. The court should then have ordered that the case be so set down for a hearing upon the evidence, and accompanied this with the further order that unless the plaintiff should introduce her evidence and make a showing that she was damaged to the amount of $2,000, that the judgment should be vacated, or at least modified so as to correspond with the evidence. A hearing should then have been had, and judgment should have been rendered in accordance with the evidence introduced on the hearing. Or, to be more exact, the original judgment rendered in the case should, upon such hearing, have been affirmed, or vacated, or modified so as to correspond with the evidence introduced on the hearing. If, however, the defendant had wished to make a full defense to the action, it would have been necessary for him to make the same showing that would be required to be made in other cases, to authorize the court to set aside his default and permit him to answer. The defendant, however, did not make any such showing in this case; he did not pretend that he had any defense to the action; he did not pretend that the amount of the judgment could be reduced if the case was tried upon its merits. He simply asked that the judgment should be set aside and vacated, and did not ask for or suggest anything further; and the judgment was set aside, absolutely and completely. In this we think the court below committed error. We do not think that the judgment should have been set aside absolutely. We think that the court below, in its discretion and without any further showing, might have made a conditional order setting aside the judgment upon the condition that the plaintiff wholly failed or refused to introduce any evidence in support of her judgment; but also ordering that

if she did introduce any evidence, then that the judgment should remain in force, in whole or in part, as the evidence subsequently introduced might authorize and warrant. Before the plaintiff's judgment should have been set aside, except conditionally, she should have had the opportunity of introducing evidence in support of the same, and then the judgment should have been set aside, modified, or affirmed, in accordance with the evidence introduced.

The order of the court below setting aside said judgment will be modified so as to correspond with this opinion.

All the Justices concurring.