T. B. GHEER V. J. M. HUBER AND D. L. COE.

UNAVOIDABLE CASUALTY; *Judgment, Vacated.* The illness of a party to
a suit in a district court, occurring on the day the suit is set for trial, so
severe as to confine him to his house and prevent him from attending
the court and trying his suit, is such unavoidable casualty or misfortune
preventing him from prosecuting or defending, as entitles him to have
the judgment rendered against him on that day, vacated and set aside.

*Error from Jefferson District Court.*

THE opinion contains a sufficient statement of the facts.
At the March Term, 1883, the court overruled the defendant's
demurrer to plaintiff's petition. This ruling defendant *Gheer*
brings to this court for review.

*Stumbaugh, Arnold & Hilton,* for plaintiff in error.

*Keeler & Gephart,* for defendants in error.

The opinion of the court was delivered by

HURD, J.: The plaintiff in error brought a suit in replevin
against the defendant in error in a justice's court of Jefferson
county, and recovered judgment for the possession of the
property claimed, and costs of suit. The defendants, Coe and
Huber, appealed to the district court, and the case was regularly
called for trial on February 6th, 1883, at the February
term of that court, and the appeal was dismissed for want of
prosecution, and a judgment for costs rendered against them.
On March 6th, 1883, Coe and Huber commenced suit in the
district court against Gheer, under § 568, chapter 80, Compiled
Laws, to vacate and set aside the judgment dismissing the appeal.
Their petition is substantially in the form prescribed by
§ 570, chapter 80. The defendant demurred to the petition on
the ground that it does not state facts sufficient to constitute a
cause of action. The court overruled the demurrer, and the
defendant excepted. The plaintiff in error, defendant below,
filed no answer or other pleading, and took no part in the suit

or proceedings after the demurrer was overruled, and brings the case to this court.

The only objection the plaintiff in error now makes is, that the facts stated in the petition do not show such unavoidable casualty or misfortune as entitles the defendants to have the judgment complained of vacated and set aside. The statements in the petition are in substance, that Huber was the only party interested in the defense of the suit, and that Coe, having no interest, relied upon Huber to make the defense, which he undertook to do; that from unavoidable casualty or misfortune, Huber was prevented from defending the suit; that some time prior to the sitting of the court he employed attorneys at the county seat to defend the suit, and partially explained the case to them; that he then expected to be present at the trial, and to then call the attention of his attorneys more particularly to the case; that his attorneys took no part in the trial of the case before the justice, and did not, up to the time of dismissing the appeal, understand what case on the docket he referred to, and, as he was not present, did not appear in that case when it was called for trial; that the reason he (Huber) was not present in court on the day the appeal was dismissed, was that he was confined to his house by sickness, and was unable to go to the place where the court was held; that for several days just prior to the day on which the appeal was dismissed, his physical condition was such that he expected to be able to be in court at the proper time and attend to the defense of the suit.

We think that Huber was negligent in not advising his attorneys, when he employed them, of the particular suit they were employed to defend, the nature of his defense, the names of his witnesses, and such other facts as were important for them to know in order to prepare his case for trial. If he had so advised them, the misfortune that afterward overtook his suit might and probably would have been averted. But this negligence was not so gross as to bar the defendants from the relief they now seek, if the other allegations of the petition will warrant the granting of such relief.

The main fact stated in the petition on which the defendants rely as showing unavoidable casualty or misfortune is, that Huber, who was the only party in interest in the defense of the suit, was, on the day the suit was set for trial, confined to his house by sickness, and because of such sickness was unable to attend the court. It is not stated that this sickness commenced on the day of the trial, but it is stated that for several days just prior to the day the case was set for trial, Huber's physical condition was such that he expected to attend the court and defend the suit, and from these statements we may fairly infer that this sickness came upon him suddenly, on or immediately preceding the day of trial.

We think this sudden sickness, which is shown to have been of sufficient severity to confine Huber to his home and prevent him from attending court to defend his suit, is such unavoidable casualty or misfortune preventing him from defending the suit as entitles the defendants to have the judgment set aside.

The court below did not err in overruling the demurrer to the petition, and the order overruling it is affirmed.

All the Justices concurring.

<div align="right">

| | |
|---|---|
| 32 | 321 |
| 42 | 657 |

| | |
|---|---|
| 32 | 321 |
| 43 | 704 |

| | |
|---|---|
| 32 | 321 |
| 58 | 327 |

| | |
|---|---|
| 32 | 321 |
| 65 | 481 |