THE SEDGWICK CITY BANK v. THE WICHITA MERCAN-
TILE COMPANY.

CHATTEL MORTGAGE, *Not Rendered Void — Good Faith.* Where a chattel mortgage is given upon a stock of groceries, safe, fixtures, pony and delivery wagon, which contains a stipulation that the property mortgaged shall remain in the possession of the mortgagor until default in the payment of the debt thereby secured; and by agreement outside of the mortgage, the mortgagor is permitted to dispose of the stock in the usual course of business, and pay out of the proceeds of the sales, monthly, or oftener, if the business would permit, certain sums upon the debt secured, such mortgage is not thereby rendered void as against creditors, but should be upheld, if entered into in good faith.

*Error from Sedgwick District Court.*

THE case is stated in the opinion.

*Ed. O'Bryan*, for plaintiff in error.

*Adams & Adams*, for defendant in error.

Opinion by GREEN, C.: On the 22d day of August, 1887, this action was commenced in the district court of Sedgwick county, by the Wichita Mercantile Company, against J. H. Mann, on an open account to recover the sum of $812.71; an order of attachment was issued and levied upon a stock of groceries, fixtures, delivery wagon, safe, pony, etc., belonging to Mann. A receiver was appointed to take charge of and dispose of the attached property. On the 19th of September, 1888, the plaintiff in error asked to be made a party to the suit and be permitted to file an interplea, claiming to have a valid and subsisting lien on the property attached, by virtue of a chattel mortgage executed by J. H. Mann to L. A. Anderson, and by him assigned to the plaintiff in error. Leave was granted to answer, and the bank set up its claim to the property attached, under this mortgage executed by Mann to Anderson on the 7th day of May, 1887, and filed the same day in the office of the register of deeds of Sedgwick county. The property was described in the mortgage as follows:

"All of the stock of groceries, queensware, flour, canned goods, meats, lard, syrup, vinegar, tobacco, cigars, etc., one Mosler, Bahman & Co. iron safe, one Ludlow delivery wagon, one Texas pony, buckskin color, four show-cases (one six-foot oval front, two three-foot oval front, one three-foot square front), one Enterprise coffee-mill, one platform scale (Fairbanks), three counter scales, all the fixtures belonging to the stock of groceries bought this day from L. A. Anderson; also all goods added to said stock from this date, situated in a frame building on East Oak street, number 728, owned by S. J. Custater."

The consideration expressed in the mortgage was $407. Fifty dollars had been paid upon said debt, leaving a balance due of $373.28. The note was made payable at No. 728 Oak street, in Wichita. The Wichita Mercantile Company denied that the bank had any claims to the property; that

the mortgage in question was void as against the mercantile company, and was made for the purpose of hindering, delaying and defrauding the creditors of Mann. At the May term, 1888, the case, under the issues joined, was submitted to the court, and a finding was made that the mortgage was void, and judgment was rendered for the mercantile company. The Sedgwick City Bank brings the case here for review.

It seems from the evidence, that the mortgage was given for the balance due Anderson for the purchase-price of the stock of goods and fixtures, and was for a valid consideration. The only theory upon which it could be held void was based on the fact that Mann was permitted to go on and sell the stock of goods at retail. The mortgage did not contain any provision for an accounting for the proceeds of the sale, and the claim is made that there was no agreement outside of the mortgage permitting the mortgagor to sell in the ordinary course of business, and account for the proceeds of the sales from time to time. The evidence clearly indicates that the mortgage was given in good faith, and it appears from the evidence of the mortgagee that the mortgagor was to pay on the debt, out of the sale of the grocery stock, all the money he could spare out of the business, once a month or oftener. This, we think, brings the case within the rule laid down in the case of *Frankhouser v. Ellett*, 22 Kas. 128:

"Where a mortgage is given on a stock of goods, with a stipulation for possession thereof by the mortgagor, and by agreement outside the mortgage the mortgagor is permitted to continue disposing of the goods in the ordinary course of business, and to use a portion of the proceeds thereof in the support of his family, paying the remainder over in discharge of the mortgage debt, the whole transaction is not thereby, as matter of law, rendered fraudulent and void, as against creditors and subsequent purchasers, but will be upheld or condemned, according as the arrangement is entered into and carried out in good faith or not."

See also *Cameron v. Marvin*, 26 Kas. 612; *Muse v. Lehman*,

30 id. 514; *Howard v. Rohlfing*, 36 id. 357; *Whitson v. Griffis*, 39 id. 211.

The mortgage described certain property, outside of the stock of goods, consisting of a pony, wagon, scales, counters, etc., and we see no reason why the mortgage should not have been upheld, as to the specific personal property described.

We do not think the mortgage was void because it contained a clause which purported to extend the lien of the mortgage over subsequently-acquired property. Having been given in good faith, it would cover the property actually in existence at the time the mortgage was executed, and, as to such property, we think the mortgage should have been upheld. (*Yates v. Olmstead*, 56 N. Y. 362.)

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.