M. ISABEL BOND ET AL. V. ABRAHAM N. WYCOFF.

FILED OCTOBER 16, 1894. No. 5210.

1. County Courts: CALENDARS. Under the provisions of section 15, chapter 20, Compiled Statutes, it is the duty of the county judge, on the first day of each term of the county court, or as soon thereafter as practicable, to prepare a calendar for all the causes for trial at such term, arranging the cases thereon in their numerical order, and setting the same down for trial, in the same order, for particular days during such term.

2. ———: ———: PRESUMPTION OF CORRECTNESS. It will be presumed by the appellate court, in the absence of any showing upon the subject, that such calendar was prepared and the causes set down for trial in strict compliance with the terms of the statute.

3. ———: DEFAULT: JUDGMENT. In cases brought in the county court which are not within the jurisdiction of the justice court, where no answer is filed on or before the first day of the term, in a cause to be tried at such term, the plaintiff is entitled to have the default of the defendant taken and proceed to judgment on any succeeding day of the term, upon proving his damages.

4. ———: MOTION TO VACATE JUDGMENT BY DEFAULT: REVIEW. Where judgment on default has been entered by the county court against a defendant and which he seeks by motion to have vacated because the same was prematurely rendered, the motion must be accompanied by an answer showing a meritorious defense, either in whole or in part, to the action. · If no defense is alleged, it is not error to overrule the motion to vacate the judgment.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

*John H. Ames* and *E. F. Pettis,* for plaintiffs in error.

*Stevens, Love & Cochran, contra.*

NORVAL, C. J.

This is a proceeding in error to reverse the judgment of the district court of Lancaster county affirming the judgment of the county court of said county. The action was instituted in the county court on the 7th day of October, 1890, by the defendant in error to recover from M. Isabel Bond and Clara B. Colby, the plaintiffs in error, the sum of $242.50, with interest, as commissions for the sale of real estate. Summons was personally served upon each of the defendants on October 7 and October 17, respectively. On November 3, 1890, the defendant Colby, by her attorney, appeared and filed a motion to require the plaintiff to

make his petition more definite and certain, which motion the county court sustained on November 21; and upon the same day plaintiff, by leave of court, filed an amended petition complying with the requirements of defendants' said motion, and the cause was thereupon continued until December, 1890, term. On the 15th day of December the cause was again continued by the court until the January, 1891, term. On January 6, that being the second day of said January term, the defendants having failed to plead, answer, or demur, their defaults were entered, the case was tried, and upon the evidence adduced the court rendered judgment in favor of the plaintiff for $255.43, besides the costs. Afterwards, on the 29th day of January, 1891, the defendants filed a motion to vacate and set aside said judgment upon the following grounds:

1. The court did not on the first day of the term at which said judgment was rendered, or at any time thereafter, prepare a calendar of the causes standing for trial at such term.

2. That said cause was not at any time by the court assigned or set down upon the calendar, or otherwise, for trial on any particular day.

3. Because of mistake, neglect, and omission of the court and clerk in said proceeding, and irregularity in obtaining said judgment.

4. That said finding and judgment were made and rendered before said action regularly stood for trial in said court according to law.

On April 20, 1891, the foregoing motion was overruled by the county court, and thereupon the defendants prosecuted a petition in error to the district court, where the judgment of the county court was in all things affirmed.

A single point is urged by counsel for plaintiffs in error for the reversal of the case, and that is that the judgment was rendered by the county court on the second day of the term without having made out a calendar of the cases for

trial at said term, or assigning this cause for trial on any particular day.   Section 15 of chapter 20 of the Compiled Statutes provides that "the probate judge shall, on the first day of each term, or as soon thereafter as may be, prepare a calendar of the causes standing for trial at such term, placing the causes upon such calendar in the order in which the same are numbered on the docket, and setting the causes for trial, in such order, upon convenient days during such term; and the provisions of this code relative to the trial docket in the district court shall, so far as they are in their nature applicable, apply to such calendar." Section 323 of the Code of Civil Procedure declares: "The trial docket shall be made out by the clerk of the court at least twelve days before the first day of each term of the court; and the actions shall be set for particular days in the order in which the issues were made up, whether of law or of fact, and so arranged that the cases set for each day shall be tried as nearly as may be on that day. For the purpose of arranging said docket, an issue shall be considered as made up when either party is in default of a pleading.   If the defendant fails to answer or demur, the cause, for the purpose of this section, shall be deemed to be at issue upon questions of fact; but in every such case the plaintiff may move for and take such judgment as he is en-titled to, on the defendant's default, on or after the day on which the said action shall be set for trial."

From the foregoing statutory provisions it would seem that it is the duty of the county judge to make out, on the first day of each term of the court, or as soon thereafter as practicable, a calendar or trial docket of the causes in a condition to be tried at that term.   The order in which the cases shall be placed upon the calendar is prescribed, and such judge is required to assign the cases for trial for particular days during the term in the order in which they appear upon the docket.   At this time it is unnecessary to stop and inquire whether the provisions of the sections

quoted above are mandatory, or directory merely, for if the more rigid construction should obtain, owing to the state of the record under review, the judgment of the district court cannot be disturbed. In the first place it does not appear but what the county judge prepared a calendar of the causes for the January, 1891, term of the county court, in strict compliance with the letter of the statute, nor does the record disclose that this action was not tried and the judgment rendered on the very day the same was assigned for hearing. On the contrary, the transcript prepared by the county court recites that on January 6, 1891, there was a call of the docket, from which entry it may be inferred that the proper calendar, or trial docket, of the causes for the term at which the judgment was rendered was made out in conformity to law. If none was prepared, plaintiffs in error should have made such fact appear by a bill of exceptions. Error in the proceedings of the trial court is never presumed, but must affirmatively appear from the record. It is a well settled rule that an appellate tribunal will indulge all reasonable presumptions in favor of the regularity of the proceedings of the trial court. Again, section 12 of said chapter 20 is applicable to the case at bar. This section provides that "if no answer is filed on or before the first day of the term, in any action to be tried during such term, the plaintiff may have the default of the defendant entered, and may proceed to judgment on any succeeding day during the term, upon proving his cause of action." In the case under review the plaintiffs in error were in default of an answer, and had been for more than thirty days. The defendant in error therefore had a right to have their defaults entered and to proceed to judgment against them. This section 12 authorizes judgment to be rendered at any time after the first day of the term where the defendant is in default for want of an answer. The procedure adopted by the county court in this case was according to the requirements of said section 12.

Another valid reason why the county court did not err in refusing to vacate the judgment is that the plaintiffs in error did not accompany their motion with an answer presenting a good and meritorious defense to the action.   By, section 606 of the Code it is provided that "a judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action."   This section applies to applications to county courts to set aside judgments in actions brought therein in which the amount claimed exceeds a justice's jurisdiction.   Under the foregoing provisions, before plaintiffs in error were entitled to have the judgment against them set aside, it was necessary for them to allege and prove that they had a valid defense, in whole or in part, to the cause of action stated in the petition. (*Osborn v. Gehr*, 29 Neb., 661; *Janes v. Howell*, 37 Neb., 320.)   For anything this record shows, there is no defense to the action.   Should the judgment be vacated, it does not appear that a different result would likely be obtained on the next trial from the one in the first.   The judgment is

AFFIRMED.