## Calvin F. Taylor and Minnie Ruth Taylor v. Henry D. Coghlan.

PRACTICE—*Setting Aside Defaults.*—When a defendant is not properly in default through his own failure, but because of a mistake or oversight on the part of the court in defaulting him, he can not be required to disclose his defense in order to have the default set aside.

In Equity, bill for relief. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

ROBERT E. PENDARVIS, attorney for plaintiffs in error.

O'DONNELL & COGHLAN, attorneys for defendant in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Bill of complaint was filed in this cause in the Circuit Court on March 25, 1897. Summons was served upon plaintiffs in error on April 8, 1897. Upon April 21, 1897, solicitor for plaintiffs in error filed their appearance in said cause. Under the rules of the Circuit Court, appearing from the record, they were then entitled to twenty days within which to file answer, plea or demurrer, during which period no default as against them for want of answer, could properly be entered. On April 21, 1897, they were defaulted, and the bill was afterward, at the May term, 1897, taken as confessed against all defendants. Motion to set aside the default was made upon June 12, 1897, which was of said May term. Affidavits were presented in support of the motion, by which it appeared that the appearance of plaintiffs in error was filed in the clerk's office

before 10 o'clock A. M. of the twenty-first day of April, 1897. The motion was denied.

It is contended that the motion to set aside the default was properly overruled, because no sufficient showing of a meritorious defense accompanied such motion. We do not think this was necessary. If the default had been properly entered, then the party in default, seeking to escape the consequences of his own failure, might well be required to make some showing as to the merits of his defense. But when the defendant is not properly in default, through his own failure, but because of a mistake or oversight on the part of the court in defaulting him when he had complied with the rules, there can be no reason, and we know of no authority, for requiring him to disclose his defense in order to have this mistake set right.

The decisions cited and relied upon by defendant in error are in cases where the default was regular, and hence do not apply here.

The motion to set aside the default should be allowed. The decree is reversed and the cause remanded.