76 679
180s 548.

## John Culver and Mary J. Culver v. William O. Brinkerhoff.

1. Practice—*Setting Aside Defaults.*—When the proceedings of the court in ordering a default has been regular, upon a motion to set the default aside, the court may properly require the defendant to show that he has a meritorious defense.

**Motion,** to set aside a default. Heard in the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Hearing and motion denied, error, etc. Heard in this court at the March term, 1898. Affirmed. Opinion filed July 21, 1898.

Morton Culver, attorney for plaintiffs in error.

G. Frank White, attorney for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

Defendant in error filed his bill to foreclose a mortgage, executed by plaintiffs in error. A demurrer to the bill

was filed by plaintiffs in error. On October 4, 1897, while the suit was pending upon bill and demurrer, a notice was left at the office of the solicitor of plaintiffs in error, to the effect that on the following day, viz., October 5, 1897, or as soon thereafter as counsel could be heard, the solicitor for defendant in error would call up the demurrer for disposal. On October 11, 1897, the demurrer was overruled and plaintiffs in error were ruled to answer in five days. For failure to answer according to this rule, plaintiffs in error were afterward defaulted. On October 30, 1897, the cause was referred to a master. Master's report was filed, and on November 24, 1897, a final decree granting the relief prayed in the bill of complaint was entered.

Plaintiffs in error did not appear at any of these several proceedings, except at entering of decree. On November 30, 1897, a motion was entered by plaintiffs in error to set aside the decree. Upon the hearing of this motion affidavits were presented in support thereof. The motion was overruled.

It is complained that the court erred in disposing of the demurrer upon October 11th, because no sufficient notice had been given plaintiffs in error, and that the motion to set aside the decree should have been allowed upon a showing made in affidavits filed by plaintiffs in error. But no affidavit was presented with the motion to vacate, showing a meritorious defense. This court has held that, when through inadvertence a default is irregularly entered after an appearance and before the time for filing an answer has expired, such mistake by the court should be corrected, upon discovery thereof and motion, without requiring the defendant to disclose his defense. Taylor v. Coghlan, 73 Ill. App. 378.

But here the proceeding of the court, for all that appears of record, may have been regular. The motion was not disposed of at the day named in the notice, but on Monday of the week following. It is true that the notice was insufficient to entitle defendant in error to have the matter disposed of on October 5th, but it was not heard upon that day. On the contrary, it was placed upon the call for

Monday of the succeeding week, and so announced in the Law Bulletin. If the solicitor for plaintiffs in error had knowledge of this action of the court, it could not be claimed that the hearing was improper for lack of notice. It is only by the showing made by plaintiffs in error that the propriety of the hearing at that time is questioned. Upon the making of that showing, the court could properly require, as a part thereof, the disclosure of a meritorious defense. Constantine v. Wells, 83 Ill. 192.

No such showing of a defense was made. The motion to vacate was therefore properly overruled.

It is also urged that the decree is for an excessive amount, in that it includes the amount of $47.31 paid for taxes, and $64.35 paid for special assessments on July 23, 1897, after commencement of suit; and includes $48 paid for insurance before suit was commenced, and also $100 as solicitor's fees, to be paid to solicitor for the complainant in the suit. The bill alleges that taxes of 1896, which are the taxes in question, were due and unpaid at time of bringing suit, and that orator will be obliged to pay them to protect property from tax sale. We think this a sufficient allegation. The bill also sets out a covenant of the mortgagors to keep premises insured, and alleges that they failed so to do, and that orator was obliged to pay on July 7, 1897, the sum of $48 for insurance in order to protect the property. The proof sustains these several allegations. It is provided by the terms of the mortgage that in case of foreclosure the sum of $100 shall be allowed as solicitors' fees and included in any decree, etc. That the amount is reasonable is shown by the evidence.

The decree is affirmed.