## Emil Schaffer, Defendant in Error, v. Fred Meyer, Plaintiff in Error.

## Gen. No. 15,738.

JUDGMENT—*when default set aside.* If no lack of diligence is shown and the affidavit of merits presents serious questions of law and fact and the fault is that of the court, justice will be best subserved by a trial on the merits and the action of the trial judge in refusing to set aside a default will be reversed.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed October 5, 1911.

PRENTISS, PUTNEY, MEEK and SOLBERG, for plaintiff in error; CHARLES E. SELLECK, of counsel.

J. KENTNER ELLIOTT, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, brought suit in the Municipal Court of Chicago against the plaintiff in error, hereinafter called defendant, for

damages sustained by reason of the refusal of the defendant to extend a lease under a provision in relation thereto in said lease. On the return day of the court, May 12, 1909, the defendant entered his appearance and moved the court for a rule on the plaintiff to file a more specific statement of claim in five days, which motion was allowed. Both parties were present and the case was set for trial. The plaintiff's counsel claim it was set for May 26th, and the clerk so entered the order. The defendant's counsel claim it was set for May 27th, and the clerk so entered the order. The clerk made no statement; but his record shows May 27th with, according to the affidavits, the figure six drawn over the figure seven, but when or by whom this was done is not shown. On May 17th an amended affidavit of claim was filed. On May 25th the defendant filed an affidavit, stating his defense. On May 26th the court called the case for trial, and the defendant not appearing the court heard the evidence of the plaintiff, found the issues for the plaintiff and assessed the plaintiff's damages at the sum of $295 and entered judgment therefor. On May 27th the defendant learned of said judgment, and on May 28th made a motion to vacate and set aside same. The court heard said motion on May 29th and denied same. Subsequently, on June 5th, a similar motion was again heard and also denied. The defendant now seeks by this writ of error the reversal of said judgment.

The court expressly found that the defendant was not guilty of negligence in failing to appear at the trial on May 26th, and had used due diligence as to same, and that the failure of defendant to appear at said trial "was due to unavoidable misunderstanding and mistake." The court, however, denied the motion to vacate and set aside the judgment, on the ground a meritorious defense was not shown by the defendant.

We are of the opinion from the affidavits presented and the clerk's record that the court set the case for

trial for May 27th, and by mistake called and heard the same on the 26th instead of the 27th; that the defendant was manifestly without fault and the same comes within the rule announced in Taylor v. Coghlan, 73 Ill. App. 378.   We also think that the affidavits presented as a defense serious and substantial questions of law and fact and, not intending to here pass upon the same, justice would best be promoted by giving the defendant an opportunity to make his defense.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*