## BARKER v. NATIONAL OIL & DEVELOPMENT CO.

No. 4802.    Opinion Filed January 11, 1916.

(154 Pac. 518.)

**JUDGMENT—Power to Vacate or Modify.** The judgments, decrees, or other orders of courts of general common-law jurisdiction, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated or modified by the court.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by Norman Barker against the National Oil & Development Company. From an order setting aside a default judgment for plaintiff, plaintiff brings error. Affirmed.

*Norman Barker, pro se.*

*James A. Veasey* and *J. P. O'Meara*, for defendant in error.

SHARP, J.  On September 10, 1912, Norman Barker commenced an action in the district court of Washington county, against the National Oil & Development Company, seeking the cancellation of a certain oil and gas mining lease, executed by the former owner of certain lands, the title to which was afterwards acquired by plaintiff. In the summons issued and served on defendant, October 10, 1912, was named as the answer day.  On October 11th, the defendant being in default for want of an answer or other appearance, a decree was rendered in favor of plaintiff, and his title quieted in and to the demised premises.  On October 15th following, being a day of the regular September term of court, on application of defend-

ant's attorneys made in open court, the decree theretofore rendered in said cause was vacated and set aside, and leave given the defendant to file a demurrer to plaintiff's petition.   To the action of the court in both respects, plaintiff excepted, and the case is brought to this court to reverse the action of the trial court in setting aside said default judgment.

The only authorities cited in the brief of counsel for plaintiff in error are *Long v. Board of County Commissioners,* 5 Okla. 128, 47 Pac. 1063, and *List v. Jockheck,* 45 Kan. 348, 748, 27 Pac. 184.   The latter case is not in point, and the former was expressly overruled by this court in *Todd v. Orr et al.,* 44 Okla. 459, 145 Pac. 393, the opinion being written since the filing of the brief of plaintiff in error.   The judgment rendered in favor of plaintiff was under the control of the trial court during the term at which it was rendered.   As was said by this court in *Philip Carey Co. v. Vickers,* 38 Okla. 643, 134 Pac. 851, quoting from *Bronson v. Schulten et al.,* 14 Otto, 410, 26 L. Ed. 797:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court."

The same general conclusion was reached in the subsequent case of *Todd et al. v. Orr, supra,* where it was held that courts of general common-law jurisdiction have the inherent power upon their own motion to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment rendered, and that this

Barker v. National Oil & Development Company.

power will not be deemed to have been taken away by statute unless the intention is clearly made to appear. The opinion reviews many authorities, including decisions both of this court and of the Criminal court of Appeals, from which it may be fairly said that the power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed, not alone by their solicitude for the rights of litigants, but also by the considerations of justice to themselves as instruments provided for the impartial administration of the law.

What caused the court to vacate and set aside the judgment we are not informed. It may have been that the court had become convinced of its own error in rendering the judgment, or it may have been on account of some excusable neglect on the part of the defendant in failing to enter its plea in said action. In either event the court had the authority to do what it did, and, having the authority and it not appearing that error was committed, or that there was an abuse of discretion in setting aside the judgment and permitting the defendant to file a demurrer, its action will not be reversed. A better practice, in such cases, would be for the moving party to prepare and file a written motion, but as, independent of such motion, the court has the inherent power of its own volition to make the order, it cannot be said that a written motion was a necessary prerequisite.

The judgment of the court is affirmed.

All the Justices concur.