## KORNICK v. HAHN, ADMX.

*Judgments — Setting aside during term — Discretion of trial court and review thereof — Facts justifying sustaining motion.*

1. The setting aside of a judgment upon motion filed during the term such judgment was rendered is a matter which rests within the sound discretion of the court, and is not subject to review unless an abuse of such discretion be shown.

2. Where a judgment is rendered in the absence of one of the parties, and during the same term such party files a motion to set aside such judgment, showing to the satisfaction of the court that there is substantial merit in his claims, the setting aside of such judgment is not an abuse of discretion, even though such complaining party shows little merit in his excuse for his absence.

(Decided May 29, 1919.)

ERROR:   Court of Appeals for Cuyahoga county.

*Messrs. Howell, Roberts & Duncan,* for plaintiff
in error.

*Messrs. Locher, Green & Woods,* for defendant
in error.

WASHBURN, J.   In this case a judgment was
rendered in the court below, and, afterwards, upon
a motion *filed during the same term,* said judgment
was set aside and vacated for reasons which the
trial court found to be sufficient.

It is urged in this court that there was no good
and sufficient reason for setting aside the judg-
ment, and that the trial court abused its discretion
in so setting aside the judgment.

There is a marked difference between the power
of the court over its judgments during the term at
which they were entered, and its power over its
judgments when its action is invoked by an appli-
cation filed at a term subsequent to the term at
which the judgments were rendered.

In the former class of cases the court may act on
its own motion, and its power is inherent, and its
exercise is not controlled by statutory provision;
while in the latter class of cases the procedure is
entirely statutory and the power of the court de-
pends upon and is controlled by the statute.   In the
former the court exercises a discretionary power;
in the latter a statutory power, although in the
exercise of the statutory power there is more or
less discretion vested in the court.

Cases arising under the latter class are not con-
trolling, and, indeed, are of little assistance in dis-

posing of a case falling within the former class.

The record here presents a case of the former class, one in which, so far as this court is concerned, the controlling question is, Does it clearly appear that the court below abused its discretion?

In reviewing the action of the court in exercising during the term its discretionary power in setting aside a judgment, which was entered in the absence of one of the parties, there are two questions of prime importance to be considered:

1. The reason or excuse of the complaining party for his absence.

2. Whether or not the claims of the complaining party in the controversy have substantial merit.

If the record discloses that there is substantial merit in the claims of the complaining party, and that in all probability a grave injustice has been done, the court's action in setting aside the judgment and giving the complaining party a chance to be heard will not be considered an abuse of discretion, even though there is little merit in the excuse for his absence.

A consideration of the record in this case leads us to the conclusion that there is substantial merit in the claims of the party in whose behalf the court below exercised its discretion, and that it does not clearly appear that the court below abused its discretion.

*Judgment affirmed.*

DUNLAP, P. J., and VICKERY, J., concur.