## McGINNIS v. BEATTY

### (No. 909; Decided February 14, 1922; 204 Pac. 340.)

PLEADING—DEFAULT FOR FAILURE TO ANSWER—TIME FOR ANSWER
AFTER DEMURRER SUSTAINED—MOTION TO STRIKE PLEADING—TRIAL
—VACATION OF JUDGMENT—SHOWING OF MERITORIOUS DEFENSE.

1. It is proper practice to move to strike from the files a
   pleading filed without leave and out of time, and a motion
   therefor may be made without notice. (5719 Comp. Stats.
   1920.)

2. The law favors a trial upon the merits and a party should
   not be placed or considered in default for failure to plead
   unless he has violated some statute, order, rule of court
   or stipulation of the parties relating thereto.

3. The time for answering petitions amended without leave
   is fixed by a statute; (5704-5705 Comp. Stats. 1920,) but
   no time is fixed by a statute within which to plead if
   amendments permitted in furtherance of justice or after
   demurrer is sustained pursuant to Section 5707-5709 Comp.
   Stats. 1920, and in the absence of Court rule or a settled
   uniform practice relating to the subject of the allowance
   of time is within the discretion of the Court.

4. An order sustaining a demurrer to the petition allowing
   plaintiff time to file an amended petition without fixing
   a time within which defendants should plead thereto, and
   defendant having filed his answer more than thirty days
   after the filing of plaintiff's amended petition, the
   Court on motion of plaintiff ordered defendant's answer
   stricken from the files, his default entered and rendered
   judgment against him, held, erroneous as no time limit
   for the filing of answer had been fixed by rule, stipula-
   tion of the parties, special order or a settled and uniform
   practice.

5. A pleading signed by a disqualified attorney should not
   be stricken without first giving the litigant time to em-
   ploy other counsel and plead anew.

6. A showing of meritorious defense is not required of a party
   who moves at the same term to vacate a default judg-
   ment taken against him after his answer had been im-
   properly stricken from the files on motion of plaintiff.

7. Comp. Stats. 1920, Section 5929 providing for the vacation
   of default judgments upon a showing of meritorious de-

fense does not apply to a judgment irregularly rendered,
the vacation of which is sought during the term.

APPEAL from the District Court of Niobrara County,
HON. E. C. RAYMOND, Judge.

Action by J. A. Beatty against Charles F. McGinnis for
damages; defendant demurred to the petition which was
sustained by order allowing time for the filing of an
amended petition without fixing time within which de-
fendant was required to plead. Defendant's answer to
the amended petition was thereafter stricken on motion of
plaintiff and a default judgment was entered against de-
fendant. From a denial of defendant's motion to set
aside the default and reinstate his answer, he appeals.

*J. E. Porter* and *Mentzer & Wilcox*, for defendant and
appellant.

The Court erred in striking appellant's answer from the
files and rendering a default judgment against him. No
copy of said motion had been filed as required by statute,
4353 Comp. Stats. 1910; no notice of the pendency of the
motion had been served on appellant which is a require-
ment of the practice. (4449 Comp. Stats. 1910.) No per-
son shall be bound until he have his day in Court. The
default judgment does not show jurisdiction nor does it
show that notice was given to the person against whom
rendered. (Sache v. Gillette, 112 N. W. 386.) No default
as to rule day could occur in the absence of the fixing of
a rule day. (Eng. A. & E. Vol. 5, page 496, 24 Ia. 150; Bobb
v. Graham, 4 Mo. 222.) Where answer is stricken the
party must be ruled to plead and service must be made of
the rule. (16 N. J. L. 63.) And only after default in ac-
cordance with the rule, can default be entered. (71 Ill.
226; 40 Pa. St. 372.) Answer filed after rule day is
not too late if default had not been asked for and order-
ed. It is reversable error to grant default for failure to
answer an amended petition when no time for filing such

answer has been fixed, by statute, order or rule of Court. (Tel. Co. v. Tel. Co., 49 Ill. 90.)   The answer was on file on the third day before default judgment was entered. Where issue has been joined the Court cannot render judgment by default. (Elliott v. Leap, 4 Mo. 540; 163 Pac. 869.)   The grounds in the motion to strike are untrue and misleading, no rule day having been fixed, nor default could occur until the rule day has been fixed and defendant cited to appear, and had neglected to do so.   The judgment is void for uncertainty. (23 Cyc. 621.)   The judgment is uncertain as to the amount for which it was rendered.   An amended petition must be served on defendant and cannot be defaulted when no time for filing his answer is fixed by statute, order or rule of Court. (Mullen v. Gine, 11 Pac. 54; 4449 Comp. Stats. 1910.)   No order was made dispensing with notice of the motion to strike as required by 4449 Comp. Stats. 1910.   A default judgment cannot be rendered against a defendant who has answered until his answer be disposed of by motion, demurrer or some other manner. (23 Cyc. 750. Lybecker v. Murray, 58 Calif. 186.)

*Brown & Neil,* and *Kinkead & Henderson,* for respondent.

. The Court must disregard errors in pleadings or proceedings not affecting substantial rights. (4438 Comp. Stats. 1910.)   The ruling on respondent's motion to strike did not influence the Court in the rendition of judgment hence was not prejudicial. (15 R. C. L. 702.)   Appellant was not mislead by the alleged failure to fix a rule day for answer, and no claim of the kind is made. The judgment is for damages, interest and costs, and its terms are clearly stated.   Respondent had suffered a loss by the acts of appellant who brought his action, procured service and was in attendance for trial on the first day of the term while appellant was absent in another state, beyond the jurisdiction of the Court.   Where relief is sought against a judg-

ment rendered in due course there must be a showing of meritorious defense.   (15 R. C. L. 717.   White v. Hinton, 30 Pac. 957.)   Every presumption is in favor of the judgment of the Court of general jurisdiction, that is, its jurisdiction is presumed.   (15 R. C. L. 875.)   Appellant was represented in the lower Court by non-resident counsel and the Court properly directed his answer stricken, and properly refused to vacate the judgment.   Recognition of foreign counsel by a former judge is not binding upon his successor who assumes jurisdiction of the cause.   The rulings and action of the trial courts are presumed to be valid.   No answer was tendered with the motion to vacate judgment and a general denial cannot be considered as a proper showing in regard to a defense.

Kimball, Justice.

Two previous opinions in this case on motions to dismiss are reported in 26 Wyo. 409, 186 Pac. 120, and 196 Pac. 311.   At the hearing on the merits, arguments in support of the motions to dismiss were renewed, but as the grounds of those motions were fully discussed in the last previous opinion, denying the motions, and as we continue of the opinion that there is no reason for refusing to entertain the appeal, we shall pass to a consideration of the case on the merits.

The petition claimed damages in the sum of $1000 alleged to have been the result of the wrongful burning by defendant of a house owned by plaintiff.   December 6, 1916, a demurrer to the original petition was sustained, and plaintiff given to and including December 16, 1916 to file an amended petition.   There was no order requiring the defendant to plead, or fixing a time to plead, to the amended petition, which was filed December 9, 1916. Without leave of court the answer, which was in effect a general denial, was filed January 16, 1917, the day fixed by law for the commencement of the regular term of court in that county.   Because of the absence of the judge on

January 16, the term was not opened until the following day, when plaintiff filed a motion to strike the answer from the files for the reason it was not filed "within rule day for answer," and on January 18, without notice to defendant, this motion was granted. Later, on the same day, the following judgment was rendered:

"The plaintiff by his attorney comes and the defendant is in default of answer and in default of appearance; this cause comes duly on to be heard upon the pleadings and the evidence; on consideration whereof the court finds generally on the issues joined, for the plaintiff and assesses his damages at One Thousand Dollars. It is therefore considered that the plaintiff recover from defendant his said damages and also his costs of suit. Judgment is rendered against the defendant in the sum of $1040 and his costs expended in this action. Costs $8.90."

During the same term the defendant filed several motions questioning the regularity of these proceedings, and it seems that his objections were finally framed to his satisfaction in a verified "amended motion to vacate judgment and set aside default," filed February 3, 1917. From the order denying that motion this appeal is taken.

Forty dollars of the amount of the judgment, which it seems was in excess of the claim of the plaintiff and the finding of the court, was remitted under order of the court.

The principal question presented is the propriety of the action of the court striking the answer from the files. It is proper practice to move to strike from the files a pleading which has been filed without leave and out of time (Bertagnolli Bros. v. Bertagnolli, 23 Wyo. 228, 148 Pac. 374,) and we think under § 5719, Wyo. C. S. 1920, such a motion may be made and heard without notice (Christie v. Drennon, 1 O. D. (N. P.) 374), but it is contended by the appellant that no time or "rule day" for answer had been fixed, and therefore the answer was filed before the time for filing it had expired.

This contention, we think, must be sustained. The law favors a trial upon the merits, and a party should not be placed or considered in default unless he has violated some statute, order or rule of court, or stipulation of the parties. It appears at once that here the time for the defendant to plead to the amended petition was not fixed by any special rule or order of court in the case, or by stipulation. It follows and will be conceded, we think, that the answer should not have been stricken, leaving the defendant in default, unless it can be said that an earlier pleading was required of him by some statute, or some general rule, or a settled and uniform practice of the court that would amount to a general rule.

Let us first inquire whether an earlier pleading was required by statute. The time to answer amended pleadings is fixed by statute when, under Section 5704, Wyo. C. S. 1920, the petition is amended before answer, and, under Section 5705, a pleading is amended within ten days after demurrer is filed. To other amendments, whether under § 5707, providing extensively for amendments in furtherance of justice, or under § 5709, after a demurrer is sustained, which is the present case, the statute fixes no time to plead. Amendments under §§ 5704 and 5705 are made without leave or order of court, and under §§ 5707 and 5709 with leave and pursuant to order, which furnishes a reason, if any be needed, why the code prescribes a time to plead to the former and not to the latter. In Ohio, whence our code was taken, it seems to be accepted that the statute fixes no time for answering amended petitions except those filed under sections like our 5704 and 5705. (1 Bates Pl. & Pr. p. 533; 1 Kinkead Code Pl., § 67; Cunningham v. Mathive, 1 Cleve. L. Rep. 344, 4 Oh. Dec. (Rep.) 341; Neininger v. State, 50 Oh. St. 394, 34 N. E. 633, 40 Am. St. Rep. 674.) This state of the same statutory law of Wyoming was recognized by this court in Baldwin v. McDonald, 24 Wyo. 108, 120, 156 Pac. 27, 30, where it was held that the time to plead to amendments made under

§ 5707 is within the discretion of the court. There can be no doubt that the time to plead to amendments made under § 5709 is within that same discretion. It should of course be a reasonable time, and may be limited by any order or act showing the purpose of the court to have the pleadings settled by a certain date, as in Neininger v. State, supra, where it was held that an order setting a case for trial required that the pleadings be filed before the time of trial.

It may be argued, however, that if the court does not exercise its discretionary power to fix the time to answer an amended petition filed under Section 5709, the defendant can have no longer than the time fixed by statute for answer to the original petition (§ 5687), or to amendments without leave. This argument is not supported by any authorities that have come to our attention. Wright v. Howell, 24 Ia. 150, and People v. Rains, 23 Calif. 128, are the only cases we have found directly in point upon the question, and each of those cases, we think, support the conclusion to which we have come, namely, that the time to answer may not be so limited in the absence of some settled and uniform practice that would have the effect of a rule of court.

In the Iowa case the plaintiff by leave of court, after demurrer confessed, filed an amended petition January 26, and on June 29, no answer having been filed, he moved for default. The defendant, on July 16th, answered to the merits. Later the motion for default was sustained. In the decision by Dillon, Ch. J., among other things, it is said:

"But no rule or order was taken or entered fixing the time when defendants should answer it (the amended petition). Such a rule or order the plaintiffs might doubtless have had for the mere asking. If the court had fixed a time within which the answer should be filed, and this order had not been complied with, the case would have been very different. But, in the absence of any special order, in the absence of any statute or general rule of court, fixing the time in which the answer to amended pleadings shall be filed, we again

inquire when is a party in default for not answering such
pleadings?

"Appellee's counsel felt the force of this inquiry, and
have argued, that the defendants were in default at the
expiration of sixty days from the time the amended peti-
tion was filed. This time they adopt by analogy. They
claim, as defendants have but sixty days from date of serv-
ice in which to answer the original petition, it being in
equity (Rev. § 2852), they should not be allowed more than
that number of days in which to answer an amended peti-
tion. True, they should not, unless upon a special show-
ing, that more time is necessary. In most cases amendments
should be promptly answered. If the analogy of sixty days
is to be adopted in this case, then the corresponding analogy
of ten days would be adopted in law actions; and, to make
the analogy good, we would have to hold, that a party
would have a right to the sixty days in the one case and to
the ten days in the other—*a right* to it—a right which the
court could not take away or abridge.

"Would we be willing to hold, that the court could not, in
an equity cause, order an amended petition to be answered
in less than sixty days, or in a law action in less than ten
days from the time it was filed? Such a holding would
startle the district judges and the bar. And, with the al-
most unlimited right to amend which the law gives, such
a holding would lead to protracted and vexatious delay in
the determination of causes. For these reasons, the court
below erred in granting a default; and also erred in not
setting it aside. If the District Court had certified, or if it
had otherwise been shown, that there was by the *uniform
practice* of the court, a fixed time within which amended
pleadings should, in the absence of a special order, be filed,
then, as the practice of the court is the law of the court, we
should not interfere with the ruling refusing to open a de-
fault without a clear showing, that there had been a plain
and manifest abuse of the discretion of the court."

In the California case a different conclusion was reached on a somewhat similar state of the pleadings, but there it appeared to the court that:

"It is the universal practice in this state to answer amended complaints within the same time after service of a copy as in case of a service of summons with a copy of the original complaint, and it is seldom that the court fixes any specific time by an order for answering it in such cases."

In the case at bar we have carefully considered whether we would be justfied in holdng that in the courts of this state, or in the court from which the appeal is taken, there is such a "uniform" or "universal" practice, as is mentioned in the cases from which we have quoted, and which we have mentioned in slightly different terms. We are of opinion that while there may be among some of the members of the bar an understanding that in the absence of any fixed time to plead in a particular case, only the statutory time for pleading in other cases is allowed by analogy, we are sure this understanding falls far short of establishing such a practice. We may add that there has been no attempt to show, by certificate of the court, or otherwise, any rule or practice upon the subject.

The time for defendant to answer the amended petition not having been fixed by statute, by any act of the court, the judge, or the parties, or by any general rule or practice of the court, the motion to strike it for the reason that it was not filed within rule day for answer was not well taken.

But we would not hold that the action of the trial court in granting the motion to strike was wrong, if it should have been granted upon some ground other than that stated in the motion. In this connection it is suggested that the defendant was represented by an attorney who was not a member of the bar of this state, nor by order of court admitted to practice for the purposes of the particular case, and that the answer to which he as attorney had signed the defendant's name may have been stricken for this reason. Inasmuch as a demurrer, signed and presented by the same attorney, had been previously sustained without any

question of his right to appear in the case, the defendant no doubt assumed that the same attorney might file his answer, and, in such circumstances, we are sure the court would not have stricken the answer from the files, because of the attorney's disqualification, without giving the defendant time to employ other counsel and plead anew.

As it was not proper to strike the answer from the files, it follows that the defendant was not really in default. The respondent contends, however, that the case came on regularly for trial, the defendant failing to appear; that evidence was taken, as recited by the judgment, in proof of plaintiff's case; and we should presume that the result would have been no different if the answer had been allowed to stand. In other words, it is claimed that no prejudice to defendant resulted from the action of the court. We do not so view the case. There is no provision of the code which authorizes a default of a defendant who merely fails to appear at the time of trial. The striking of the defendant's answer was no doubt done for the purpose of placing him in default, and that result was declared in the judgment. The effect was that the allegations of the petition, except the amount of plaintiff's damage, were, for the purposes of the action, taken as true. (§ 5671, Wyo. C. S. 1920; Pomeroy, Code. Rem., § 617; Brenner v. Bigelow, 8 Kans. 496; Ames v. Brinsden, 25 Kans. 746; St. Louis & S. F. R. Co. v. Zumwalt, 31 Okla. 159, 120 Pac. 640; 23 Cyc. 752, 753.) We presume that the court took only such evidence as was necessary to prove the amount of plaintiff's damage, considering that the allegations of the petition as to defendant's liability were admitted. Had the answer been permitted to stand, the situation would have been different, and the evidence to prove the case must have covered every allegation of the petition. The statements in the judgment order that the case came on to be heard upon the "pleadings" (using the plural), and that the finding was "on the issues joined," cannot, in view of the then recent striking of the answer, and declaration of defendants

default, alter the fact that the case was heard upon the amended petition only.

It is contended that the motion to vacate the judgment may have been denied because the defendant did not show that he had a meritorious defense. In making his motion, the defendant asked a reinstatement of his answer, which, as we have said, was a general denial. The motion, and one of the affidavits accompanying it, contain general statements to the effect that the defendant has a good defense to the action. However, we do not purpose to decide whether or not there was a sufficient showing of a meritorious defense, for we are of opinion that such a showing is not required of a party, not properly in default, who moves at the same term to vacate a default judgment against him. (Taylor v. Coghlan, 73 Ill. App. 378, approved in Culver v. Brinkerhoff, 76 Ill. App. 679; Bank v. Strother, 188 Mo. App. 214, 175 S. W. 76; Branstitter v. River, 34 Mo. 318; Maxwell v. Jarvis, 14 Wis. 549.) In Iowa it has been held that a statute which provides in substance that a default shall not be set aside unless an affidavit of merits be filed, does not require such affidavit in cases where the party was not actually in default. (Burke v. Dunlap (Iowa), 171 N. W. 293, citing earlier Iowa cases.) In a note L. R. A. 1915 F, p. 849, it is stated that there is some conflict in the authorities on this question. Upon examination of the cases, the conflict does not appear serious upon the point we now decide. The cases cited in the note which might at a glance appear to be in conflict with our conclusion may all be distinguished on the facts. In Bond v. Wycoff, 42 Nebr. 214, 60 N. W. 564; Mullhollan v. Scoggin, 8 Nebr. 202; Ewing v. Jennings, 15 Nev. 382, and Jeffries v. Aarion, 120 N. C. 167, 26 S. E. 696, defaults were entered against the defendant in each case after failure to answer in time. In Bartlett v. Jones, (Tex. Civ. App.), 103 S. W. 705, the defendant was in default under the holding in Texas that a judgment by default may be taken though an answer be on file, if the answer be not called to the attention of the court. (See: Lytle v. Custead, 4 Tex. Civ. App. 490, 23

S. W. 451.)    Harnish v. Beamer, 71 Calif. 155, 11 Pac.
888, was an action in equity to stay the enforcement of a
judgment valid on its face.

Involved in the last point is the question of the effect of
Section 5929, Wyo. C. S. 1920, which provides, among other
things, that: "A judgment shall not be vacated on motion
or petition until it is adjudged that there is a valid defense
to the action in which the judgment was rendered."

This section of the code is found in the Chapter 370, Wyo.
C. S. 1920, which treats generally of the vacation and modi-
fication of judgments after the term.   The same provision,
similarly located in the code, is found in the statutes of
Ohio, Nebraska, Kansas, and Oklahoma.   Examined by it-
self, the section is broad enough to control the action of a
court upon any motion or petition to vacate a judgment,
whether the action be invoked at or after the term at which
the judgment was rendered.   It does not affect the right to
vacate void judgments, as has often been held, but the judg-
ment in the case at bar is not void, and if the statute be
applicable to the vacation of judgments which are attacked
during the term, it should in this case have its proper ef-
fect, and would perhaps prevent anything more than a sus-
pension of the judgment until an adjudication of a merit-
orious defense.   However, we think the statute must be ex-
amined with the context, and considered as a part of the
chapter referring to judgments entered at a former term,
and when so examined and considered, it does not operate
to limit the power of the court to control its own judgments
during the term at which they are rendered. It is settled
that this power exists independent of statute, inherent in
every court of general jurisdiction, with the restriction
only that it be exercised with a sound discretion, and it is
also settled that this inherent common law power is lost
with the expiration of the term.   (15 R. C. L. 690; 23 Cyc.
889, 901, 902; 1 Black on Judgments, §§ 305, 306; Bronson
v. Schulten, 104 U. S. 410, 26 L. Ed. 797.)   These principles
were taken for granted by this court, in O'Keefe v. Foster,
5 Wyo. 343, 352, 40 Pac. 525; Parrott v. District Court, 20

Wyo. 494, 126 Pac. 45, and Luther Lumber Co. v. Bank, 22 Wyo. 302, 139 Pac. 433, where, however, there was no occasion to decide whether the inherent power to vacate judgments at the same term is abridged by § 5929, supra.

It is apparent that the legislature in adopting the civil code considered it unnecessary to prescribe the grounds or regulate the procedure for vacating or modifying judgments during the term. On the other hand, to provide a simplified method for obtaining relief after the term, legislative action was necessary, and it was for this purpose that Chapter 370 was included in the code. Section 5929 of that chapter is in keeping with the rule of equity which, in the absence of a meritorious defense, forbids interference with the enforcement of a judgment at law, and was doubtless intended to express the spirit of that rule, making it applicable to the statutory proceeding. That section should not be held to abridge the right of the court, independent of statute, to vacate at the term judgments which have been irregularly rendered.

In Ohio there are decisions holding that a like section of the code of that state applies to the vacation of judgments at as well as after the term at which they are rendered. These decisions are cited and approved in Cincinnati v. Archiable, 4 O. App. 218. The opposite view was taken in Kornick v. Hahn, 11 O. App. 388, and Wybel v. Sheaffer, id. 467; and in Higinbotham v. Atwater, 12 id. 83, though decided on another point, it was said that the opinion in Cincinnati v. Archiable, supra, "is completely destructive of the very prevalent belief in the inherent power of courts over their judgments and orders during the term." This conflict seems to be settled by the later decision of the Supreme Court of that state in First Nat. Bank v. Smith, 130 N. E. 502, holding that the Chapter 6 of the Ohio General Code (like Ch. 370, supra) does not limit a court of general jurisdiction in the exercise of its inherent power to control its judgments during the term.

In Ames v. Brinsdon, 25 Kans. 746, the motion to vacate was made after the term and it was held that the judgment

was erroneously vacated, because no adjudication had been had of a meritorious defense. In the course of the opinion it was said that the judgment, being irregular and voidable, might have been set aside at any itme during the term on motion of either party or on the court's own motion. (See, also, Johnson v. Jones, 58 Kans. 745, 51 Pac. 224, and Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851.) The precise point, as determined in Ohio, does not seem to have been settled in Kansas, Oklahoma, or Nebraska, but we find decisions of those states in which it has been held proper to vacate a judgment at the same term, apparently without requiring an adjudication that there was a valid defense. (Gheer v. Huber, 32 Kans. 319, 4 Pac. 290; Freeman v. Hill, 45 Kans. 435, 25 Pac. 870; Karr v. Moffatt, (Kans.) 185 Pac. 890; Parks v. Haynes, (Okla.) 152 Pac. 400; Barker v. Natural Oil & Development Co., 49 Okla. 782, 154 Pac. 518; Bradley v. Slater, 58 Nebr. 554, 78 N. W. 1069; Douglas County v. Broadwell, 96 Nebr. 682, 148 N. W. 930.)

We hold therefore that it was not necessary for the court, before granting the motion to vacate, to adjudge that the defendant had a valid defense.

It is not to be understood from anything that we have said that an inquiry into the merits of a proposed defense may not be highly pertinent in the consideration of a motion to vacate a judgment, even at the same term. If the moving party be asking as a matter of judicial· grace that which he may not demand as a legal right, the showing upon that inquiry may be not only important but determinative.

The order appealed from will be reversed, and the case remanded with directions to vacate the judgment, to reinstate the answer to the amended petition, and for further proceedings not inconsistent with this opinion.

*Reversed and Remanded with Directions.*

Potter, Ch. J., and Blume, J., concur.