## AS TO THE SETTING ASIDE A DEFAULT JUDGMENT DURING TERM.

Court of Appeals for Hamilton County.

THE CITY OF CINCINNATI v. R. J. H. ARCHIABLE.

Decided, February 15, 1915.

*Procedure—Defense Must be Shown before a Default Judgment Can be Set Aside—Recovery of Taxes and Penalties Paid by One Who Purchased Property at Tax Sale.*

1. A trial judge is without discretion, in the face of a rule of court and the provision of Section 11637, to set aside a default judgment, even during the term at which it was rendered, without first requiring the defendant to show a valid defense and forthwith set it up before an order is made setting the judgment aside.

2. Title may be quieted against a purchaser of land at a tax sale without requiring that the plaintiff first pay over the amount which the defendant has advanced by way of taxes and penalty, but

the decree should provide for the amount so advanced by the
defendant with interest for which the law gives him a lien.

*Walter M. Schoenle* and *Saul Zielonka,* City Solicitors, for
plaintiff in error.
*William S. Little,* contra.

JONES (E. H.), J.; JONES (Oliver B.), J., and GORMAN,
J., concur.

On the 25th of October, 1911, the plaintiff in error, the city
of Cincinnati, commenced an action against the defendant to
quiet the title to certain real estate at the corner of Erie ave-
nue and Michigan avenue in said city, and which was the prop-
erty known and used as the town hall of Hyde Park, before the
suburb was annexed to the city of Cincinnati. Defendant was
duly and legally served personally, and on the answer day
through his counsel he filed a demurrer to the petition, which
was overruled on December 4, 1911, and he was given fifteen
days to plead further. No answer or plea having been filed for
five months, the plaintiff's solicitor caused the case to be noted
on the default docket and in due course of time on May 28,
1912, a default decree was entered by the court in favor of the
city of Cincinnati, quieting its title to the property described
in the petition as against the defendant. Eleven days there-
after, on June 8, 1912, defendant's counsel filed a motion to
vacate and set aside the decree, alleging irregularity in enter-
ing the same; that the decree is contrary to law; and that plaint-
iff has not refunded to the defendant the amount of taxes and
penalties and costs paid by the defendant, with interest there-
on, as in the petition alleged. The claim of defendant, although
no answer set up the same, appears to have been one for taxes
and penalties paid, which were a lien upon the property and
for the non-payment of which the property had been forfeited
to the state. On June 26th the court made the following entry:

"The motion to set aside the decree quieting title is heard
and granted, and the decree entered May 28, 1912, is hereby set
aside and held for naught, to which the plaintiff excepts."

Thereupon plaintiff below prosecuted error to ths court and asks a reversal of the judgment of the court of common pleas setting aside the decree quieting title to the real estate claimed by it in its petition. Plaintiff in error, the city of Cincinnati, in its petition in error claims that said judgment is contrary to law, was entered contrary to the rules of the court of common pleas, especially the rule relating to setting aside defaults, being Rule VI; and that in setting aside said decree in the manner and form in which it was done the court below abused, overstepped and exceeded its discretion in said matter, to the prejudice of the plaintiff in error. A transcript of the docket and journal entries are filed with the papers herein, and said entry appears to be the last one made in the case.

Now it is undoubtedly the law of the state that a court, during the term at which a judgment or decree is rendered, has inherent power and authority, regardless of the statutes, under the rules of common law, to set aside and modify its judgments and decrees at its discretion. *Huntington* v. *Finch,* 3 O. S., 445; *Bank* v. *Doty,* 9 O. S., 505; *Niles* v. *Parks,* 49 O. S., 370; *Huber Manfg. Co.* v. *Sweeney,* 57 O. S., 169.

Nowhere under our code is this wholesome rule abrogated, but the rule has been qualified by Section 11637, General Code (formerly Section 5360, R. S.), and to the extent that a limitation or qualification is provided under the code we are of the opinion that the courts are bound by the qualification to the rule. That Section 11637, which is under Chapter 6 of the code relating to "other relief after judgment," provides that "a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered," etc.

A default judgment is authorized upon failure to answer, under Section 11592, General Code, so that the defendant in this case being in default for answer, the plaintiff was well within its rights and the court was authorized to enter the judgment when it was rendered.

The rule of the common pleas court as to default, which was presumably adopted, to be observed at least by the court, is as follows:

"*Defaults, etc.*—If a party neglect to file a proper pleading within the time provided by statute or rule of court, he shall be in default, and may be proceeded against accordingly. The clerk shall note the fact of such default on his appearance docket • and on the docket of Room No. 8.

"The default may be set aside on such terms as the court may think proper, and the court may either order the proper pleading filed forthwith or may give such further time as may seem reasonable to the court. If a judgment has been entered upon the default it shall not be set aside, unless at the same term of court the party against whom the judgment was rendered present and offer to file the proper pleading in the case together with an affidavit of the party or the professional statement of his attorney, reduced to writing, setting forth that there is a meritorious cause of action or defense and the facts showing the nature of it, in which case the court may set aside the default upon such terms as to costs as to the court may seem just, and shall order the pleading, for want of which such default existed, to be filed forthwith."

The record in this case fails to show a compliance with either the statute, Section 11637, or the above rule of court, and the question therefore presented is, whether or not the trial court abused its discretion in setting aside the default judgment, or whether or not he had the power to do so without at least complying with the statute, even if we assume that he might disregard the rule of his own court.

In *Branden* v. *Hoffman,* 46 O. S., 639, the Supreme Court, in passing upon the question involved in this case as to the right of the trial court to set aside the default judgment and construing this Section 11637, General Code (then Section 5360, Revised Statutes), says on page 642:

"The record in the case at bar does not show that before setting aside the judgment there was an adjudication upon the validity of the defense to the action, and until it was adjudged that there was a valid defense, there was, in our view, no authority in the statute to vacate the judgment."

With the record before us in the case at bar, it therefore appears that there was no adjudication of any defense or that defendant had a defense at all. There was no offer to file an an-

swer setting up any kind of a defense, but apparently the court arbitrarily and without requiring an answer to be filed set aside the judgment, under the belief that he had the power to do so without requiring anything from the defendant. This court is of the opinion that such proceedings as were had in this case are not authorized by the statute, and we find numerous authorities to support this conclusion.

In *Brandon* v. *Hoffman,* 16 O. S., 639, it was held in the second paragraph of the syllabus:

"Although the court may have decided that there is good ground to vacate on motion such judgment rendered on default, at a preceding term, it is error to vacate the same before it has been adjudged that there is a valid defense to the action; and if, on error, such adjudication is not shown by the record, it will not be presumed."

It further appears that Section 11636 specially provides that the court must try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action.

In *Pollett* v. *Alexander et al,* 58 O. S., 202, it was held in the third paragraph of the syllabus:

"Upon the hearing of such motion (to set aside a default judgment) it is error for the court to enter a judgment of vacation before it has adjudged that there is a valid defense to the action."

To the same effect is the ruling of the court in *Lee* v. *Benedict,* 82 O. S., 302.

In these cases just cited the motion to vacate and the vacation of the judgment were after the term at which the defaults were rendered. But in the case of *Smead Foundry Co.* v. *Chesborough,* 19 C. C., it was held that the same rule and the same Section 5360 (now 11637, General Code) should apply where the motion was made to vacate the default judgment within the term at which the default judgment was entered. In the first paragraph of the syllabus of this case it is:

"*Held:* Therefore, that where an application is made more than three days after judgment, Section 5354, Revised Statutes,

ought to be permitted to apply and govern, although the term had not yet expired.''

On page 785, the court employs this language:

''We recognize the fact that the Supreme Court has decided that at least under certain circumstances a court of common pleas has control of the judgments that have been rendered in its court during the term while the term lasts and before final adjournment; but it seems to us that that principle of law must be taken with certain modifications and be construed consistently with the statute which I have read. It certainly could not be intended by the Supreme Court to hold or decide that the court of common pleas may, of its own motion, its own free will, set aside during the term any judgment that may be rendered by that court.''

Sections 5359 and 5360 (now 11636 and 11637) are then cited and quoted, and the court applied the rules therein laid down to the setting aside of a default judgment within the term at which it was rendered, and on pages 785 and 786, says:

''Under our view of the case the first thing to have been done by the court of common pleas in these cases was to have decided upon the grounds to vacate or modify the judgments; and that it did.''

In the case of *French Wax Figure Co.* v. *Jupp Baxter Co.*, 21 C. C., 764, the Circuit Court of Cuyahoga County had before it a case in which error was prosecuted to the judgment of the common pleas court in setting aside a default judgment at the same term in which the default judgment was rendered, and upon motion of the defendant as in the case at bar. It was held in this case that:

''In order to justify the common pleas court in setting aside a default judgment against the defendant and allowing an answer to be filed the defendant must show that he has a good defense to the action, and to do so, otherwise, is a clear abuse of discretion of the court justifying a reversal on error.''

In this case the court violated its own rule with reference to setting aside defaults as was done in the case at bar, and the

court held that this was an abuse of discretion. However, the rule of the court with reference to setting aside default judgments is the rule laid down with reference to setting aside any judgment in Section 11637, General Code, so that it was just as reasonable to apply the rule of the statute to the conduct of the trial judge as to apply the rule of the court. The rule of court invoked in this case was similar to the rule of the Common Pleas Court of Hamilton County as to default judgments. Commenting on the excuses given for failure to plead by the defendant, the court says in this case just cited, on page 766:

"That the excuse given for not filing an answer in time by counsel for defendant, is a very weak one, can not be denied; and the court would have been justified in refusing to set aside the judgment."

In *Fisher* v. *Fisher Foundry Co.*, 8 N. P., 344, it was held by the General Term of the Superior Court that the court below erred in vacating the judgment by default absolutely. If that judgment was improperly obtained, the court below should have suspended the same until it has been adjudged there is a valid defense to the action. (Citing 24 O. S., 625; 46 O. S., 639.)

Now Section 11637 is not made specifically to apply to cases in which it is sought to set aside judgments after the term. The chapter in which it is found applies to the vacating or modifying or relief after judgment. Section 11631 does specifically apply to the vacation of judgments after the term, and points out the mode of doing this. The language of Section 11637 applies to any judgment whenever or however rendered. It does not say a judgment shall not be vacated or modified *after the term* on motion or petition until it is adjudged that there is a valid defense to the action. Now we see no good reason why the limitation upon the court setting aside its judgment during the term should not apply under Section 11637, to the same extent as to actions to set them aside after the term, so far as requiring the defendant to show a valid defense. The rule of the common pleas court of this county recognizes the justice of the statutory rule and followed it with reference to default judgments. In any event, we are of the opinion that there was

an abuse of discretion in this case by the trial court in setting aside the default judgment in the face of the court's rule and the rule of Section 11637, before requiring the defendant to show a valid defense and then requiring the defense to be forthwith set up and filed before setting aside the judgment.

We think it would be wise to follow the statutory rules laid down by Judge Baldwin of the Wood county common pleas court in the case of *Metzger* v. *Zeissler,* 13 N.P.(N.S.), 49, when application or motion is made during the term to vacate a judgment, wherein he holds that the provisions of Sections 11637 and 11638 should be applied.

It is urged by counsel for defendant that the court was justified in setting aside this default decree, because no provision was made therein for the repayment to defendant of the taxes and penalties which he had paid. But if he desired to recover these from the plaintiff he should have set up his claim by way of cross-petition, and upon the issues joined on the cross-petition the court below might have awarded him the sum found due with interest; but he could not as a condition precedent to the quieting of plaintiff's title require the plaintiff to pay over the money which he claims to have paid out as taxes and penalty.

This proposition we think was decided in the case of *Heffern* v. *Hack,* 65 O. S., 164. In the first paragraph of the syllabus the court says:

"The owner of land, in an action to recover it from one in possession under a void tax deed, is not required by Section 2910, Revised Statutes, before he can have judgment rendered in his favor, to refund or tender the taxes paid by the defendant. Such tender or payment may be made after judgment, but it must be made before process is issued on the judgment to turn the defendant out of possession."

This case differs from the instant case in that it was an action for the recovery of the real estate, while this is an action to quiet the title.

But under the provisions of Sections 5766 and 5767, General Code, the law undertakes to secure to a person who has pur-

chased at forfeited tax sale a lien for the amounts paid by him for taxes with interest thereon, and the petition in this case recognizes such a right and offers to repay defendant for the same. The decree as entered below overlooked this matter, and should have been modified so as to provide for a repayment of the proper amount of such tax claim and interest to him. This can no doubt yet be done by proper proceedings in the court below, or by agreement of the parties.

For the reasons stated, the judgment of the common pleas court setting aside its decree quieting title will be reversed, and the cause remanded for such further proceedings as are authorized by law.