Dunlap, P. J.
Plaintiff in error, who was plaintiff in the municipal court, secured a default judgment in an action brought upon a promissory note. This judgment was obtained in the January term; to be exact, it was obtained on February 3, 1919, a day of said term. On the next day, being also a day in said term, the defendant filed a motion to vacate the judgment, and an affidavit in support thereof; and upon February 15th, being also a day in said term, the court granted the motion and set aside the judgment.
To this action of the court the plaintiff excepted and filed his petition in error in this court to reverse the ruling of the municipal court vacating the judgment, and to be restored to all things he had lost by reason of said ruling, which, of course, *84 means the restoration of the judgment so vacated. In support of his contention we are cited to Section 11637, General Code, which provides that “a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered,” and as construing this section favorably to his contention we are cited to a decision of the court of appeals of Hamilton county in the case of City of Cincinnati v. Archiable, 4 Ohio App., 218, the first paragraph of the syllabus of which is as follows:
“A trial judge is without discretion, in the face of a rule of court and the provision of Section 11637, to set aside a default judgment, even during the term at which it was rendered, without first requiring the defendant to show a valid defense and forthwith set it up before an order is made setting the judgment aside.”
In the case at bar the affidavit offers an excuse for failure to file an answer (or statement of defense, as it is styled in that court), but does not show the existence of any actual defense, and certainly there was no adjudication of the existence of a valid defense, and it must be conceded that if the case just cited is to be distinguished at all, it must be only in the fact that in it an interval of eleven days elapsed between the rendition of the decree and the filing of the motion to vacate, while in the case at bar the motion was filed on the day following the rendition of the judgment. If it were not for this distinction, the case just cited would be a precedent for granting the relief prayed for here, and, if good law, would be decisive, although we have generally adhered to the opinion that during *85 the term at which a judgment was rendered the court rendering the same had full control over its docket and could set aside, change or vacate its judgments and orders in the exercise of a sound legal discretion. Our own adherence to this doctrine is shown by the opinion of Washburn, J., in the cases of Kornick v. Hahn, Admx., 11 Ohio App., 388, and Wybel v. Sheaffer, Id., 467, and would appear to be further justified by a consideration of the cases of Huntington & McIntyre v. Finch & Co., 3 Ohio St., 445; Knox County Bank v. Doty et al., 9 Ohio St., 505; Niles v. Parks et al., 49 Ohio St., 370; Van Camp v. McCulley, Trustee, 89 Ohio St., 1, 8; Seelbach v. Craft, 21 C. C., N. S., 158; Huber Manufacturing Company v. Sweny et al., 57 Ohio St., 169, and Commissioners v. Deitsch et al., 94 Ohio St., 1, 4.
The foregoing citations will, we think, be sufficient for the purposes of this opinion, although many others could doubtless be discovered.
It is not to be denied that the provisions of Section 11637, General Code, give some justification for the opinion of the Hamilton county court of appeals in Cincinnati v. Archiable, supra, which opinion is completely destructive of this very prevalent belief in the inherent power of courts over their judgments and orders during the term. It is not essential, however, for the purposes of this opinion, to enter into a discussion of such inherent right, however desirable it might be to have the matter again freshly settled. It is sufficient to say that the question presented by this petition in error seems to have very recently come to the attention of our supreme court as evidenced by the per *86 curiam opinion in the case of The Continental Trust & Savings Bank Co. v. The Home Fuel & Supply Co., decided April 15, 1919, and reported in 99 Ohio St., at page 453, which states:
“The motion to vacate the judgment rendered in the common pleas on a cognovit note upon warrant of attorney and without summons or notice was filed the day following the rendition of the judgment and during the same term. The lower courts, therefore, were right in considering it as a motion for a new trial, filed within the time prescribed by law. The action of the trial court sustaining such motion does not constitute a final order from which a proceeding in error may be prosecuted.”
It would appear to us, then, that the motion in the case at bar must also be regarded as a motion for a new trial, which is “filed within the time prescribed by law,” and that the action of the trial court in sustaining the motion was not a final order from which a proceeding in error can be prosecuted.
This conclusion, of course, disposes of the case, and requires us to dismiss the petition in error. Our entry will be “petition in error dismissed.”

Petition in error dismissed.

Washburn and Vickery, JJ., concur.