THE CHANDLER & TAYLOR CO. *v.* THE SOUTHERN PACIFIC CO.

*Error proceedings — Final order — Default judgment set aside and leave granted to answer — Constitutional law.*

An order setting aside a judgment by default at the same term in which the judgment was rendered, and giving leave to file an answer, is not a judgment within the meaning of Section 6, Article IV of the Constitution.

(Decided December 13, 1920.)

ERROR: Court of Appeals for Hamilton county.

ON MOTION to dismiss.

*Messrs. Pogue, Hoffheimer & Pogue,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

BY THE COURT. The petition in error shows that the plaintiff in error recovered a judgment by default against the defendant in error at the October term, 1917, of the court of common pleas.

On December 28, 1917, at the same term of court, defendant in error filed a motion to set aside the default judgment. This motion was continued from term to term, and when heard was granted by the court of common pleas, which then gave leave to file an answer.

Error is prosecuted by the original plaintiff, who contends that the court of common pleas abused its discretion in setting aside the default judgment.

Motion is here made to dismiss the petition in error for the reason that the action of the court of common pleas in setting aside the default does not constitute a judgment or final order.

Much of the matter contained in the briefs is beside the point, particularly with respect to "final order." In spite of the oft-repeated declarations to that effect by the supreme court of Ohio, in *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, and *Wagner* v. *Armstrong,* 93 Ohio St., 443, and the long line of cases which follow them, it appears to be necessary to restate the rule that the power and jurisdiction of the court of appeals rests solely upon Section 6, Article IV of the Constitution, which provides:

"The courts of appeals shall have * * * appellate jurisdiction * * * and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record * * *."

The legislature has no power to enlarge or limit the jurisdiction thus created. It is clear, therefore, that the jurisdiction to review, affirm, modify or reverse is limited to the review of judgments.

The determination of what constitutes a judgment within the meaning of the section of the constitution is not affected by any definition which the legislature may now see fit to make. It is a matter of constitutional interpretation and not of legislative enactment. Without attaching too much weight, therefore, to the decisions under the former statutes regarding a final order, we turn to the decisions of the supreme court under the new constitution. That tribunal has not yet determined whether the constitutional term "judgments" includes all those matters which were formerly judgments and final orders. See *Thompson v. Denton,* 95 Ohio St., 333, 340.

In the case of *Continental Trust & Savings Bank Co.* v. *Home Fuel & Supply Co.,* 99 Ohio St., 453, the court holds that an action of the trial court in sustaining a motion to vacate a judgment filed on the day following the rendition thereof, and within the same term, does not constitute a "final order" from which a proceeding in error may be prosecuted. The order sought to be reviewed in the case at bar falls within the principle therein enunciated.

On this authority we hold that the order sought to be reviewed was not a "judgment," and therefore the motion to dismiss the petition in error will be granted. See also 1 Black on Judgments (2 ed.), Section 34.

As to *Cincinnati* v. *Archiable,* 4 Ohio App., 218, it will be sufficient to say that that case was filed in the circuit court, although it was not heard until that court had been succeeded by the court of ap-

peals.   The jurisdiction of the circuit court was statutory.

*Petition in error dismissed.*

SHOHL, P. J., HAMILTON and CUSHING, JJ., concur.