### No. 176
### MAKRANCZY v. GELFAND, Admr.
Ohio Supreme Court
Filed May 24, 1923
No. 17994. Decided Feb. 19, 1924

465. ERROR—1. Proceedings of lower court deemed proper unless error appears on face of record.

2. Error must be prosecuted within 70 days after entry of order vacating judgment.

3. Overruling of motion to strike out irrelevant matter held no ground for reversal unless prejudicial.

4. Although special instructions do not cover every branch and feature of plaintiff's case, if the general charge covers the same, there is no prejudicial error.

DAY, J.

### Epitomized Opinion
#### First Publication of this Opinion

This was an action for wrongful death brought by the administrator of Julia Stephan, a small child, who was killed in the city of Cleveland as a result of coming in contact with an automobile owned by Theodore and Charles Makranczy, and operated by one Bloch. Bloch had asked Makranczy for the use of his car to drive the former's friend across the city. Makranczy accompanied Bloch to see his brother, who was ill. While Bloch was taking Makranczy and Bloch's friend across the city the accident occurred. The defendants filed a motion to strike out certain allegations as to the nature and extent of the injuries sustained by Julia Stephan, which motion was overruled. The defendants filed an answer in which they denied the agency of Bloch, denied negligence and alleged negligence on the part of decedent. The plaintiff then filed a reply.

The case came on for hearing Dec. 4, 1919, and was dismissed without prejudice at plaintiff's cost. On Oct. 28, 1921, a motion to set aside and vacate judgment of dismissal and to reinstate the case was filed upon the ground that there was irregularity in obtaining said dismissal in that plaintiff was only a nominal party and that the real parties plaintiff had no knowledge of the fact that said case was set for trial and dismissed. Affidavits of the child's mother and father were filed in support of the motion. The motion was overruled Nov. 15, 1921. On Dec. 5, 1921, a motion for a re-hearing was filed by the plaintiff upon the ground that additional facts had come to plaintiff's attention since the overruling of his motion. On Dec. 7, 1921, the court granted the plaintiff's motion for a re-hearing and reinstated the case. In February, 1922, the case went to trial and resulted in a verdict against Theodore Makrancky, one of the defendants, in the sum of $2,000. A motion for a new trial was overruled. The Court of Appeals affirmed the judgment of the lower court. In affirming the judgment of the two lower courts, the Supreme Court held, in Official Syllabus, 2 Abs. 150:

## OHIO SUPREME COURT—Continued

1. The proceedings of a lower court are deemed correct unless error affirmatively appears on the face of the record. Evidence to authorize the judgment will be presumed to have been received unless the record necessarily negatives it.

2. An order of vacation of a judgment rendered at a prior term, by virtue of Section 11631 GC., is a final order, and a proceeding to reverse such final order must be commenced within 70 days after the entry of the final order complained of.

3. The overruling of a motion to strike out of a petition alleged irrelevant matter will not be ground of reversal unless prejudicial error appears to have resulted therefrom.

4. Where a record discloses instructions before argument, given at plaintiff's request, which are a correct statement of the law from plaintiff's standpoint, but do not cover every branch and feature of the case, including effect of affirmative defenses, but such affirmative defenses are duly covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous.

**Attorneys**—Quigley & Byrnes, for Makranczy; Vickery & Vickery, for Gelfand, Admr.