SMITH *v.* SMITH ET AL.

*Divorce and alimony—Modification of alimony decree during term—Presumption of sufficient grounds for permitting answer to be filed—Court has full control over orders and judgments during term—Abuse of discretion not presumed but must be established—Error proceedings—Setting aside alimony judgment not final order.*

1. Where record is silent as to evidence which moved court to permit defendant to file an answer and make a defense on subject of alimony in divorce action, it will be presumed that trial judge acted on sufficient grounds.
2. During same term of court at which judgment is rendered, court has full control of its own orders and judgments, being limited only by principle that in opening or setting aside judgments there must be no abuse of discretion.
3. Abuse of discretion by court in opening or setting aside judgments at same term of court cannot be presumed, and must be made to appear by evidence before it can be found by Court of Appeals.
4. Where there was no evidence showing abuse of discretion,

order setting aside judgment for alimony in divorce case, rendered at same term of court, is not a "final order" from which error may be prosecuted.

(Decided March 21, 1927.)

ERROR: Court of Appeals for Lucas county.

*Mr. George S. Moss,* for plaintiff in error.
*Mr. John Q. Adams* and *Messrs. Hackett & Lynch,* for defendants in error.

RICHARDS, J. This proceeding in error is brought to secure the reversal of an order setting aside and vacating a judgment for alimony.

The record discloses that plaintiff, Robert L. Smith, was granted a divorce and substantial alimony on September 21, 1926, the defendants being in default for answer. On September 28th defendant Florence Smith filed a motion to set aside the judgment, which motion was overruled on October 2d. On October 4th she filed a motion to modify the judgment for alimony and that motion was overruled on November 22d. On December 14th she filed a motion for a rehearing on the motion to modify the judgment for alimony, and that motion was granted on December 29, 1926, and she was granted leave to answer. All of these orders and judgments were entered at the same term of court, and the record does not disclose that any evidence was introduced or offered at any time except on the date that the plaintiff was granted the divorce and alimony.

The record does not disclose what moved the court on December 29th to grant the motion for rehearing and permit defendant to file an answer,

and make a defense on the subject of alimony, after the trial judge had twice overruled motions to set aside or modify the judgment as to alimony. However, the record being silent as to evidence, it will be presumed that the trial judge acted on sufficient grounds. It is a fundamental law that during the same term of court at which a judgment is rendered a court has full control of its own orders and judgments, being limited only by the principle that in opening up or setting aside judgments there must be no abuse of discretion. *First National Bank of Dunkirk* v. *Smith,* 102 Ohio St., 120, 130 N. E., 502; *Kornick* v. *Hahn, Adm'x.,* 11 Ohio App., 388. Abuse of discretion cannot be presumed and must be made to appear by evidence before it can be found by this court. There being no evidence showing an abuse of discretion, the order setting aside the judgment for alimony, rendered at the same term of court, is not a final order from which error may be prosecuted. *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 135 N. E., 620.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.