### WITTIKIND v STATE

Ohio Appeals, 4th Dist, Washington Co

Decided Sept 29, 1931

Harry S. Dyar, Marietta, for plaintiff in error.

T. Blake Summers, city solicitor, Marietta, for defendant in error.

**MAUCK, PJ.**

There is one manifest error in the record. The state called as a witness the clerk of the police court. The witness was asked whether there were any records of previous convictions of the defendant for trafficking in liquor. Over the objection of the defendant he testified that there were. He then testified in detail to a former conviction of the accused under a charge of unlawfully possessing intoxicating liquor in the court of the mayor of the city. This was clearly erroneous. The general rule is that in the prosecution of one offense it is not competent to show that the accused has theretofore been guilty of another offense. There are, of course, some exceptions to the rule but the case at bar does not come within any of the exceptions. 12 O. J. 333. We would not want to be understood that this error would necessarily result in reversing the judgment. In this case, however, the only evidence against Wittikind was that a keg of liquor was found concealed near his home, and perhaps two hundred feet distant therefrom, on land over which the accused had no control but to which a path led from the defendant's house. The evidence tends to show that a hose used to draw liquor from the keg had been recently in use and that the accused had recently been drinking. The evidence further discloses that the defendant had in his possession a large number of freshly washed bottles which it is suspected he was to use in bottling the liquor found in the keg. We use the term "suspected" advisedly. There is no evidence of that kind. With such a scant record before it, if the trial court thought that the evidence of a former conviction was competent, it is quite likely that the court was to some degree influenced by that testimony, and the admission thereof was consequently under these circumstances erroneous and prejudicial.

Both on account of the reception of the testimony of the former conviction and upon the weight of the evidence the judgment is unsound.

In the case of McCurdy against the City of Marietta, decided by separate opinion

this day, we indicated that there is considerable doubt of the jurisdiction of this court to review the judgment of the police court of Marietta because of the doubt of the power of the General Assembly to describe a court as a court of record when it in fact lacked all of the other indicia of such a court. The question has not been raised by the defendant in error in this case, but inasmuch as we are now ordering a judgment of reversal, thereby inferentially sustaining our jurisdiction, it is desirable that it be understood that we are not committed to that view.

Judgment reversed and cause remanded.

MIDDLETON and BLOSSER, JJ, concur.