## BRIDGEWATER v BOYLES et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1552.  Decided April 6, 1939

I. C. Delscamp, Dayton, for plaintiff-appellee, for the motion.

Paul H. Blum, Dayton, Philip H. Worman, Dayton, for defendants-appellants, contra the motion.

## OPINION

BY THE COURT:

Appellee moves—

"First:  To strike the transcript of the testimony and objections filed herein from the files for the reason that said transcript of testimony and objections were not filed within forty days after September 26, 1938, the date when the motion for a new trial was overruled, but were filed on the seventy-fifth day after the overruling of the motion for a new trial."

"Second:  To dismiss the appeal of the appellant for the reason that notice of appeal was not filed with the common pleas court of Montgomery County, Ohio within twenty days after the entry of the judgment which was filed on September 26, 1938; and this court is without jurisdiction to entertain this appeal."

The first ground of the motion must be sustained because of the specific provisions of §11564 GC which provides that the bill of exceptions must be filed with the trial judge not later than forty (40) days after the overruling of the motion for new trial. We have, many times, held that the provisions of this section are mandatory.

Second ground of motion. The action of the court in overruling the motion of defendant-appellant to set aside the judgment was a final order. Hornbeck & Adams Trial and Appellate Procedure, Section 129; **Cox v Cox, 104 Oh St 611.** Therefore, if the errors assigned, with respect to this action by the trial court, are exemplified we should retain, consider and pass upon such assignments.

The assignments of error consist of nine grounds, the first and second of which relate to the order of the trial judge overruling the motion of defendants to vacate and set aside the judgment of the court. The first is just a general statement that the court erred

in such action. The second is that the court erred and abused its discretion in such action.

The entry in the trial court, overruling the motion to vacate, sets forth only a general statement to effect that the claims of the defendants respecting the motion are not well made.

It does not appear that any evidence was taken on the motion to vacate the judgment and none is before us in proper form. In the situation thus presented, it is obvious that we do not have any information which would afford the basis for testing the first and second assignments of error, which are directed to the action of the trial judge in overruling the motion to vacate and set aside the judgment.

The second branch of the motion is well taken, but we cannot dismiss the appeal because it has  been properly perfected and is in this court for consideration, but as there is nothing which would enable us to consider the errors assigned, which are directed to the final order; we are required to affirm the judgment of the lower court.

The first branch of the motion will be sustained. The second branch of the motion will be sustained insofar as we have herein indicated and the judgment will be affirmed.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.