### BESCH v MAURER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1664. Decided Nov 16, 1940

Robert L. McBride, Dayton; Dale Hodapp, Dayton, for defendants-appellants and contra the motion.

A. K. Meck, Dayton, for plaintiff-appellee and for the motion.

## OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that the order overruling the motion to vacate and set aside the judgment is not a final order.

The original judgment was entered on February 15, 1940. Six days thereafter, on February 21, 1940, appellants interposed a motion to vacate and set aside the judgment.

It is from the ruling of the court refusing to sustain the motion to set aside the judgment that the appeal is prosecuted. It is claimed that this entry is not a final order from which appeal may be prosecuted.

We have held to the contrary in Bridgewater v Boyles, 29 Abs 362, upon the authority of Cox v Cox, 104 Oh St 611.

Counsel for the motion says that if the motion to vacate had been filed after term an order overruling it would have been a final order made in a special proceeding, but insists such an order on a motion made during term is not final. We are unable to make distinction between the finality of either of such orders.

The opinion in Cox v Cox does not make it clear that the motion there under consideration was filed during term, but it is probable that it was because if the action to set the judgment aside had been filed after term, it would have been by petition. It is probable, therefore, that the orders which the court held to be final in the Cox case and in the case of Bridgewater v Boyles, et al, were upon motions filed during the term and identical with the situation presented here.

Motion to dismiss will be overruled.

The appeal is noted as upon questions of law and fact and it is obvious that the appeal could not so proceed as the action below was entirely statutory. If the bill of exceptions has been settled and allowed within statutory time, no further order need be made. If not, the entry reciting the overruling of the motion in this case may also provide that thirty days will be given appellant within which to have a bill of exceptions settled and allowed in the trial court.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.