**DAVIS, Plaintiff-Appellant v. TEACHNOR, Defendant-Appellee.**
(Two cases)

Ohio Appeals, Second District, Franklin County.

Nos. 3558 & 3670.   Decided December 31, 1943.

200.

Hamilton & Kramer, Columbus, for plaintiff-appellant.
Lawrence D. Stanley, Columbus, for defendant-appellee.

## OPINION

By BARNES, P. J.

The above-entitled cases are now being determined as error proceedings by reason of plaintiff-appellant's appeal on questions of law. The two cases are very closely connected, but properly come into our Court on separate appeals by reason of final orders on different questions on different dates.

On September 19, 1942, plaintiff filed her petition in the Court of Common Pleas alleging malpractice on the part of the defendant, Dr. Teachnor. The particular acts constituting the claimed malpractice were set out in detail in the petition. Summons was duly issued on the same day that the petition was filed and served on the defendant on the following day. The answer day was October 17, 1942.

On the same day the petition was filed counsel for plaintiff served notice on the defendant to take his deposition on September 22, 1942. On the day named the defendant appeared with his counsel and his deposition was taken. The defendant did not file answer or other pleading, and on January 7, 1943, plaintiff took a default judgment against the defendant for $5000.00 and costs. On January 9, 1943, being the same term at which the default judgment was taken, the defendant filed a motion for an order vacating and setting aside said default judgment and authorizing him to file an answer. An answer was filed the same day.

Also at the same time defendant filed a motion for a new trial. On January 11, 1942, being the first day of the succeeding term, defendant filed an additional motion to vacate the default judgment on the claimed ground that there was irregularity in obtaining the judgment in that the case was not tried in the order on which it stood on the docket and no good cause was shown for trying the case out of its regular order, nor was it specifically assigned for trial; no order of special assignment was ever entered; judgment entry was not submitted to counsel for defendant for approval; that because of the irregularities plaintiff was not entitled to waive a jury; that the case being tried to the Court without a jury, a motion for new trial being filed within three days thereafter, judgment was prematurely entered; that judgment could not

be entered until after the Court decided the motion for new trial.

The motions came on for hearing on January 16th. The record of this hearing has been filed by counsel for plaintiff as a bill of exceptions. At the hearing counsel for Dr. Teachnor made a statement with respect to the claimed irregularity, and this statement appears in full in the bill of exceptions. Counsel for plaintiff likewise made a full statement, but nothing in the statements may be considered as a stipulation or an agreed statement of facts of any controverted question. Following the statements of counsel and without hearing any evidence the Court rendered his opinion sustaining all three motions, but in journalizing reference was made to only two, i. e., the motion to vacate made during the term and the motion to vacate filed on the first day of the subsequent term.

Within due time counsel for plaintiff filed his notice of appeal on questions of law and thereby case No. 3558 was lodged in our Court. Within the statutory period the original papers, including the bill of exceptions, were filed in connection with this appeal.

The next step taken by counsel for defendant-appellee was to file a motion in our Court requesting a dismissal of the appeal on the claimed ground that the journalized order of the trial court setting aside the default judgment was the equivalent of motion for new trial and hence was not a final order from which an appeal could be taken. In support of the motion counsel for appellee cited the following authorities:

The Continental Trust & Savings Bank Co. v Home Fuel & Supply Company, 99 Oh St 453;
Stearn v Chamberlain, 34 O. L. R., 263;
Hickinbothen v Atwater, 31 O. C. A., 188.

On May 12, 1943, our Court rendered an opinion overruling the motion to dismiss, which ruling was journalized on May 25, 1943. Our opinion was based in the main on the legal principle that even though the question before the trial court was equivalent to a motion for a new trial, yet the order sustaining the motion might be a final order under the claim of abuse of discretion. Citing Webster v Pullman Company, 51 Oh Ap 131; and Miller v Smith, 57 Oh Ap 127.

Shortly thereafter, counsel for defendant-appellee sought to have journalized the trial court's original opinion sustaining

all motions, including the motion for a new trial, and accordingly a form of entry was submitted to counsel for plaintiff-appellee which was not approved. Counsel for plaintiff-appellant requested a further hearing on the motion for new trial which the trial court granted and after hearing, sustained. As in his original opinion the record on this hearing likewise consisted of statements of counsel, none of which would constitute a stipulation or agreed statement of facts and the bill of exceptions was made up on this form of record. Within due time plaintiff gave notice of appeal and thus this branch of the case was lodged in our Court, and docketed as No. 3670. It will at once be seen that the two cases are very closely related and a plausible reason is presented why both should be considered and decided together.

In each instance, separately stated and numbered assignments of error are filed. However, the sole question for our consideration and determination is whether or not the trial court was correct in sustaining any or all of the three motions.

Counsel for plaintiff-appellant's original brief, while discussing the action of the trial court in sustaining the three motions, does not separate the first two, but treats them together. Counsel for defendant-appellee differentiates the motions and discusses them under separate headings. In the reply brief plaintiff's appeal follows the same order. In our discussion and determination we will likewise follow the same order.

First, we take up defendant's motion filed January 11, 1943, being the first day of the succeeding term following the rendition of the default judgment. This motion sets out claimed irregularities, all of which have been referred to. In the first instance, counsel refers to §§11381, 11383, 11384 and 11631 GC, all of which refer to certain procedural steps to be taken in the making up of a trial docket, setting the cases for particular days in the order on which they stand on the appearance docket; providing the cases in which damages shall be assessed shall be tried in the order in which they stand on the trial docket unless by consent of the parties or order of the Court they are especially assigned; and providing that under §11631 GC, supra, Common Pleas Court may vacate or modify its judgment for irregularity in obtaining same, and further providing under §11634 GC, supra, that motion to vacate judgment because of rendition before the action regularly set for trial can be only in the first three days of the succeeding term. Counsel then refers to certain decisions of

the Ohio courts wherein application has been given to the above Code sections.

The case of **Rackle v Conners, 84 Oh St 473**, is directly in point and therein the Supreme Court reversed the Court of Appeals and the Common Pleas Court for failure to vacate judgment where the records presented irregularities in bringing case to trial out of its regular order, etc. A similar announcement is cited, 23 O. Jur., §441, p. 768.

The Supreme Court in the case of **Lemieux v Kountz, 107 Oh St 84**, there again discussed the authority of the Common Pleas Court to vacate judgment by reason of irregularities. The case of **K. B. Company v Dixon, 19 C. C. (N. S.) 196** has special application and refers to a default judgment.

In the case of **Starr Building & Loan Co. v Smith Company, 12 Abs 163**, it was determined that the trial court was correct in opening up a default judgment on account of irregularities.

In the case of **Dallas v Ferneau, 25 Oh St 635**, the Supreme Court determined that by reason of the fact that the subject matter under consideration was a contract, that thereby §11383 GC, would control and not §11384 GC. The latter section designates the class of cases wherein evidence must be introduced even where defendant is in default for answer or other pleading.

We are inclined to the view that the authorities under a proper showing support an application for opening up a default judgment after term for irregularities such as are set out in defendant-appellee's motion. The difficulty is that defendant-appellee made no showing supporting the claimed irregularities. Counsel for plaintiff-appellant was alert and caused a record to be made of everything that was done in connection with the motions. This record was transcribed in the form of a bill of exceptions and therefore contains everything that was done before the trial court rendered his decision. The bill of exceptions contains nothing but statements of counsel. These statements can properly be designated as trial statements. They have no probative force. Counsel for defendant-appellee argues that no supporting evidence was necessary since counsel for plaintiff-appellant did not deny these statements. A specific denial was not necessary. They can only be considered as having probative force if counsel for appellant had admitted the correctness of the whole or any part of such statements. If the record discloses any admissions, the admitted facts would be thus limited. We

find no admitted facts. This principle of law seems to be so obvious that a citation of authorities should not be necessary. However, the authorities are numerous and uniform.

It was argued that the claimed irregularities were within the personal knowledge of the trial court. This could be true if the trial court undertook to make a personal investigation or interview the assignment commissioner. However, there is a difference between personal knowledge and judicial knowledge. A court might have personal knowledge of certain factual questions, but the same would not necessarily come within the definition of judicial knowledge.

When the Court entered its default judgment the presumption of law attaches that the same was regular and that every requisite was complied with until the contrary appears. The burden is upon the one who claims existence of irregularities. Citing **Makranczy v Golfand, 109 Oh St 326.**

Without further comment we cite additional authorities making similar pronouncement: **2 O. Jur., 656, 658, 659, 438; Strain v Isaacs, 59 Oh Ap 495; James v Pattern Makers League, 35 Abs 143.** Our Court had before it this proposition in the case of **Bridgwater v Boyles, 29 Abs 362.** On page 363, appears the following:

"It does not appear that any evidence was taken on motion to vacate the judgment and none is before us in proper form. In the situation thus presented it is obvious that we do not have any information that would afford the basis for testing the first and second assignments of error which are directed to the action of the trial judge in overruling the motion to vacate and to set aside the judgment."

In the case of **The First National Bank of Dunkirk, Ohio, v Smith, 102 Oh St, supra,** the statement and opinion disclose that evidence was taken and a bill of exceptions presented as the basis for setting aside judgment.

The same is true in the case of **Lemieux v Kountz, Gdn., 107 Oh St 84.**

The case of **K. B. Co. v Dickson, 19 C. C. (N. S.) 196,** will be found interesting on the question generally.

We are constrained to the view that the trial court was in error in sustaining defendant's motion to set aside judgment filed after term.

In natural sequence we now take up the motion filed dur-

ing term to set aside the judgment. This question is quite different from the former.

During term a court of general jurisdiction has absolute control over its orders and judgments limited only by an abuse of discretion, whereas after term it does not have such control except as provided and controlled by statute. During term if the facts warrant, every statutory authorization may be invoked but the Court is not limited to such. The Supreme Court makes the following pronouncement in the case of **Bank of Dunkirk v Smith, 102 Oh St 120,** Syllabus 1:

"A court of general jurisdiction, such as the Common Pleas Court, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law."

On page 122 of the opinion, we find the following:
"There appears to be no limitation or restriction to the rule, except that the power must be exercised with a sound discretion—limited only to cases in which there is an abuse of discretion."

The above principle of law is universally recognized not only in this state, but in other jurisdictions.

To find that a court has abused its discretion in setting aside its judgment during term requires a very strong factual situation for so doing.

Counsel for the respective parties in the instant case have no divergence of views on the general proposition as it relates to this branch of the motion, but do very seriously differ as to the application and what may be considered as a sufficient factual showing to warrant a reviewing court to reverse.

Many cases have been cited wherein the trial court has refused to set aside its judgment within term and on appeal the reviewing court has held that there was not an abuse of discretion. This finding is not the equivalent of a determination that the trial court would have been guilty of an abuse of discretion had it sustained the motion to set aside the judgment. In other words, the trial court has great latitude in determining whether or not it will, during term, set aside a judgment; very generally it may do either without constituting an abuse of discretion.

In the instant case it was the contention of counsel for appellant that the trial court was without authority to set aside the judgment for the reason that no reason was assigned, either through the motion itself or by evidence why defendant was in default for answer or other pleading.

Counsel for appellant in their brief offered supporting authority for the above legal principle. Probably the leading case cited is that of **Metzer v Zeisler, 13 N. P. (N. S.) 49.** This reported case gives evidence of much study and thought on the part of the trial court. In a measure the Court was pioneering in an effort to formulate a procedure that should control in proceedings to set aside judgment during term.

Therein the Court did say that before a default judgment could be set aside it was essential that a satisfactory showing be made as to why the defendant was in default.

Our Court referred to this decision in the case of **Canal Winchester Bank v Exline, 61 Oh Ap 253,** but we were dealing with the question of setting aside judgment after term. Under this situation entirely different legal principles are invoked. What might be a good and lawful reason for the setting aside of judgment during term, would not necessarily justify such action after term.

We are also referred to **White Sewing Machine Company v Brede, 17 C. C. (N. S.) 122.** In this case the trial court refused to vacate and the Court of Appeals sustained, saying there was no abuse of discretion. The case did discuss the question of an excuse for defendant's being in default for answer, and apparently this was the ground upon which the trial court predicated its refusal to order vacation. We are inclined to the view that the reviewing court's order was no more than a determination that it would not interfere with the trial court's discretion. Therefore it does not necessarily follow as a rule of law as announced that it would be error for the trial court to grant the vacation of judgment in the absence of an excuse for defendant's default. Other cases to which we will refer later so determine.

The case of **Horwitz v Franklin, 35 Oh Ap 32,** was such a case. In this case the trial court refused to vacate and the Court of Appeals affirmed on the ground that there was no abuse of discretion. In this case the defendant offered an excuse for being in default, which the trial court determined ineffectual. While, as heretofore stated, the Court of Appeals affirmed, the opinion does contain the observation, "had the Court granted the motion and set aside the judgment, the

other side could not have prosecuted error". We are constrained to hold that a trial court during term, in the exercise of its discretion may set aside a judgment without first requiring the defendant to show good cause for being in default for pleading.

Counsel for the plaintiff-appellant also cites Rule VII of the Common Pleas Court rules, wherein it was provided that in cases of default a judgment shall not be set aside unless the party in default presents or offers to file the proper pleadings in the case, together with his affidavit or the affidavit of his attorney, setting forth the facts showing cause of the default and that there is a meritorious defense, and facts showing the nature of it. It is questioned as to whether or not this rule was intended to apply to judgments vacated during term, or, as prescribing a rule applicable to judgments sought to be vacated after term. Whatever may be the limitation, if any, the case of **Bank of Dunkirk, Ohio v Smith, 102 Oh St 120,** deals with the questions of rules of court, and therein holds that rules are limited to procedure and not to matters of substance. In other words, that substantive law and limit of discretion may not be affected by rule.

Counsel for appellant make the further claim that defendants proffered answer was no more than a general denial.

The law is well defined that where it is sought to vacate a default judgment, a defendant shall tender an answer, which answer shall be more than a general denial. Citing **Canal Winchester Bank v Exline, 61 Oh Ap 253.** The trial court determined that the tendered answer was sufficient and did not fall within the classification of a general denial. We are in accord with the trial court's pronouncement.

In addition to the cited cases already referred to and commented upon, counsel for the appellee cite the following:

**Chandler & Taylor Co. v Southern Pac. Co., 104 Oh St 188, 194, 195.**
**Wagner v Long, 133 Oh St 41.**
**Martinka v Cleveland Ry Co., 133 Oh St 359.**
**Resnick v Paryzek, 23 Oh Ap 327.**

In this last case the trial court refused to vacate a default judgment and the same was reversed by the Court of Appeals, saying in its opinion, "This Court has frequently held where a motion to vacate a judgment is filed that the presentation

of a valid defense is sufficient ground for vacating the judgment, and that a refusal to do so is an abuse of sound discretion."

Kornick v Hahn, 11 Oh Ap 383;
Smith v Smith, 25 Oh Ap 239;
Miller v Smith, 57 Oh Ap 127.

We are not able to say that the determination of this question is crystal clear, but we resolve all doubts in favor of the judgment and therefore hold that the trial court was not in error in vacating judgment on motion filed during term.

This brings us to the consideration and determination of the question as to whether or not the trial court erred in granting motion for a new trial. This question arises under a separate appeal, as heretofore indicated. The motion for new trial was filed at the same time as was the motion to set aside judgment during term, and of course within three days following the original default judgment. The bill of exceptions under this appeal is very similar in form to that in case No. 3558. In other words, the record is confined to statements made by the respective counsel. In our judgment, the only question for determination is whether or not the trial court had the right to pass on the motion for a new trial. Counsel for appellant denies such right for the following reasons:

(1) That Rule VII of the Court of Common Pleas is applicable and denies such right.

(2) That at the time the motion for new trial was granted the trial court had already vacated judgment upon which an appeal had been taken and that there then remained no order of court upon which the motion could operate.

(3) That the tendered answer was in effect nothing more than a general denial.

(4) That the Court sustaining the motion on the ground that expert witnesses had not testified, was not a correct pronouncement of the law.

(5) That there was an abuse of discretion.

Taking these up in order, it is our conclusion that Rule VII of the Common Pleas Court has no application to a motion for new trial. Neither the language nor the substance of the rule could be given such a construction. It is inconceivable that it could be seriously contended that this rule applies to motions for new trial generally. If in the instant case the Court had the right to consider and determine motion

for new trial such a right invoked the same legal principles as are generally applied in motions for new trial. In addition to what we have already said, such a construction would be violative of the legal pronouncement made in **National Bank of Dunkirk, Ohio v Smith, 102 Oh St 120. 123.**

We do not think that the claim of no judgment can avail. It must be remembered that the motion for new trial was filed at the same moment as was the motion to set aside the judgment. Where counsel are in doubt as to the appropriate remedy, they have the right to invoke every remedy known to the law and granting one does not necessarily deny the right to grant the second. It will be kept in mind that both motions sought the same remedy, to-wit, a new trial. Not infrequently our Court is confronted with a similar situation where under the assignments of error final judgment is requested, and also a new trial for other assigned errors. Of course, if a final judgment is entered there cannot be a new trial, but nevertheless we pass on all claimed errors, so that if the Supreme Court should determine that we were wrong in entering final judgment our conclusion on other claimed errors would be operative.

Under the claim that the answer was only a general denial, we have already announced our views on this question and we reiterate that in our judgment the proffered answer was sufficient.

The next claim questions the language of the journal entry wherein the Court refers to the fact that no expert witnesses were presented on the question of damages. If the entry went no further we might have some difficulty in sustaining this view of the Court on the merits, but even then it would not constitute an abuse of discretion. However, the entry contained other provisions wherein all the grounds set forth in appellee's motion for new trial were sustained.

The next enumerated ground is the claim that the trial court in granting the motion for new trial abused his discretion.

We do not have before us a bill of exceptions disclosing the evidence before the court which culminated in a default judgment.

Statutory provisions providing for a default judgment come within two classes: In the first, no evidence is required, but judgment may be entered upon the petition alone; the second class requires evidence. The instant case comes under the provisions of the second class.

In tort actions where a defendant is in default for answer or other pleading and the case stands ready for hearing, evidence must be introduced covering the amount of damages. This was the procedure followed before the trial court. However, the plaintiff waived impaneling of the jury and agreed to submit the case to the Court. Very naturally, no Court Reporter was present to take the evidence, although plaintiff might have done so had he desired. Under this situation we do not have before us a bill of exceptions disclosing the evidence and hence we cannot say that the trial court abused its discretion in granting the motion for new trial provided always that he had the jurisdiction to so do under a default judgment. Counsel for plaintiff-appellant argues that the trial court had no such right. In support of this claim we are cited to numerous sections of the Code relating to procedural steps in the trial of an action. Among others, reference is made to §11377 GC:

"Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other."

Also, §11575 GC:

"A new trial is a reexamination in the same court of an issue of fact after a verdict of a jury, a report of a referee or master or a decision by the court."

We must admit that there is much logic in plaintiff's contention. We are constrained to the view that under the applicable statutory provisions for default judgment in a tort case requiring the submission of evidence and finding, an issue is presented by law and that the trial court does have the right to pass on a motion for new trial. We might says at this time that we have examined many decisions cited by counsel by courts of last resort in other jurisdictions. These decisions are pertinent and persausive, but nevertheless we adhere to our pronouncement that under the situation in the instant case the trial court did have the right to pass on the motion for new trial.

The Supreme Court of our state in the case of **Continental Trust & Savings Bank Co. v The Home Fuel & Supply Co., 99 Oh St 453**, stated that a motion to vacate judgment filed a day following the rendition of the judgment and during the same

212

term might properly be considered a motion for new trial. For similar pronouncement also see **Strain v Chamberlain, 34 O. L. R., 263**, and **Hickinbothen v Atwater, 31 O. C. A. 188**. These Ohio cases seem to emphasize the legal principle that a motion to set aside judgment may be considered as a motion for new trial. Following this reasoning that a motion to set aside judgment within term when filed within three days is the equivalent of a motion for new trial and should be so considered, we naturally make the inquiry as to why a motion for new trial so designated should not clothe the trial court with the same authority to act. We determine that the trial court was right in passing on the motion for new trial, and that the record presents no abuse of discretion as claimed by appellant.

Entry may be prepared in accordance with this opinion. Costs in this Court will be adjudged against the appellant.

HORNBECK and GEIGER, JJ., concur.