## APPEAL ON QUESTIONS OF LAW

No. 4305.   Decided October 13, 1949.

Joseph J. Poorman, James M. Fogle, Columbus, for plaintiff-appellee.

Benoy & Sebastian, G. W. Fais, Columbus, for defendants-appellants.

Russ Bothwell, Columbus, for Donald Littell, defendant-appellee.

Fred R. Place, Columbus, for The Springfield Saving Society of Clark County, defendant-appellee.

### OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio, overruling a motion filed during term to vacate and set aside a default judgment in an action to foreclose a mechanic's lien.

Evidence was taken at the hearing on the motion which disclosed that the defendants-appellants retained counsel to make defense to the action but that counsel never appeared of record in the case and failed to make any defense whatsoever. The record also supports the statement made in appellants' brief as follows: "The record clearly shows that the appellants herein called their attorney's attention to every significant fact and development in the case as time progressed." The record shows that the property was sold to an innocent purchaser at sheriff's sale, the sale confirmed, the consideration paid, deed delivered and the proceeds of the sale distributed before the motion to vacate was filed.

The trial court found that the appellants' attorney was negligent and, also, that the appellants were negligent in failing to act after they had knowledge of the negligence of their attorney in failing to make defense.

On a motion to set aside a default judgment during term the trial court is required to exercise a sound discretion. **Vol. 23 O. Jur., p. 1177, Sec. 1065.** Whether a sound discretion has been exercised must be determined by the facts in each particular case. A broader discretion should be exercised where the matter involves only the parties to the litigation than where the rights of an innocent third party are involved.

A reviewing court will not reverse the judgment of the trial court in such case in the absence of a showing of an

abuse of discretion. **First Natl. Bank v. Smith, 102 Oh St 120, 122, 130 N. E. 502; Davis v. Teachnor, 41 Abs. 199, 53 N. E. (2d) 208; Vol. 23 O. Jur. p. 1178, Sec. 1067.** Abuse of discretion will not be presumed but must be shown by the evidence. **Vol. 23 O. Jur., p. 1179, Sec. 1068; Smith v. Smith, 25 Abs 239, 157 N. E. 768.** The meaning of the term "abuse of discretion" as applied in this case connotes more than error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. **Steiner v. Custer, 137 Oh St 448, 31 N. E. (2d) 885.**

Under the facts appearing in the record this court cannot conclude that the trial court abused its discretion.

A reviewing court will not reverse the judgment of the trial court in refusing to set aside a default judgment for foreclosure of a mechanic's lien on the real estate of the judgment debtors, after sale and confirmation, and the delivery of the deed to a bona fide purchaser who paid the sale price therefor, which had been distributed, on the ground of the negligence of counsel for the judgment debtors who failed to appear of record and to make defense, where it also appears that the judgment debtors had knowledge of every step of the proceedings and knew of the negligent conduct of their counsel and were informed that their property had been appraised and advertised for sale and that the sale would take place on a date certain. In a hearing on a motion to vacate a default judgment during term where the rights of an innocent third party are involved the court is required to weigh the equities in the case.

While the trial court in a hearing on a motion to vacate and set aside a judgment during term may require the defendant to show a valid defense (**Bellows v. Bowlus, 83 Oh Ap 90, 82 N. E. (2d) 429**) the court in the exercise of a sound discretion may determine the matter on the basis of whether the defendant has otherwise shown good cause to vacate the judgment. In the case at bar the appellants sought to introduce certain testimony relative to the merits of the controversy. The trial judge rejected this evidence. The appellants then proffered the answers. The answers proffered would constitute a valid defense. However, on the state of the record the trial court did not commit reversible error in rejecting evidence on the merits of the foreclosure proceedings offered by the appellants.

Finding no error in the record prejudicial to the appellants the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.