OPINION
{¶ 1} Defendant-appellant Carla Pitsinger appeals from an order of restitution evicting her from the premises she leased from plaintiff-appellee Dayton Metropolitan Housing Authority.
 {¶ 2} Pitsinger is a tenant of subsidized housing owned by the Authority. She and her family occupied a three-bedroom apartment that was accessible to the wheelchair-bound. Her husband was a paraplegic. In 2004, Pitsinger's husband died, and her two daughters went to live with their aunt in Seattle. The Authority informed Pitsinger that she would have to transfer to a one-bedroom apartment, so that the wheelchair-accessible, three-bedroom apartment would be available to a family requiring that special accessibility. She was also informed that if her daughters should rejoin her, she could transfer to an apartment of suitable size. Attempts to obtain Pitsinger's co-operation in a transfer were ultimately fruitless.
 {¶ 3} The Authority brought this action in the Montgomery County Common Pleas Court, alleging that Pitsinger violated the terms of her lease when she failed to relocate from the unit she was occupying to a unit appropriate to the size and disabled status of her family, as required by the lease. This cause was heard before a magistrate. Both parties were present at the hearing, and presented evidence.
 {¶ 4} At the conclusion of the hearing, the magistrate informed Pitsinger that he had concluded that the Authority had proven its case for eviction, and that Pitsinger had failed to establish a defense. Because Pitsinger had expressed concern about having an eviction order from public housing on her record, the magistrate offered her a choice. She could choose to have a restitution order immediately filed against her, or she could agree that a restitution order would be signed and given to the Authority, but that the Authority would not file that order unless Pitsinger failed to move out of the premises within three weeks following the May 20, 2005 hearing. If she moved out within three weeks, the Authority would not file the restitution order, but would, instead, file a dismissal of the action. If Pitsinger did not move out within three weeks, the Authority would file the restitution order previously signed by the magistrate. On the record, in open court, Pitsinger agreed to the alternative proposed by the magistrate that allowed her three weeks to move out of the premises and thereby avoid a restitution order.
 {¶ 5} Pitsinger did not move out within three weeks, and the restitution order was filed, signed by both the magistrate and the trial judge. Pitsinger never filed an objection to the magistrate's decision, but she did file an "Answer," in the course of which she states: "I would like to appeal my eviction of May 20th [the date of the hearing]." If the "Answer" Pitsinger filed on June 2, 2005, is deemed to constitute an objection to the magistrate's decision (which had not yet been filed), it should be noted that her Answer is addressed to matters of fact, rather than claimed errors of law, and Pitsinger did not file a transcript of the hearing, as required by Civ. R. 53(E)(3)(c) for an objection to a magistrate's findings of fact.
 {¶ 6} Pitsinger appeals from the trial court's order of restitution. She has filed a brief pro se. Her brief contains no assignments of error, as required by App. R. 16(A)(3). The entirety of Pitsinger's appellate brief is as follows:
 {¶ 7} "Now comes the Appellant, Carla Pitsinger, who moves this Court for DMHA to recognize my rights as a tenent [sic] by granting a formal hearing, permitting me to see my files, recertifying my household with my two daughters while I am appealing this eviction, and to dismiss this eviction.
 {¶ 8} "Please see past statements and records. In April I signed a waiver. Last June I was not allowed to be recertified. This November, I signed a waiver again, but still only my name is on the landlord statement.
 {¶ 9} "DMHA offered me 3 units last Fall but they didn't let me accept the one unit I was willing to transfer [sic].
 {¶ 10} "November 2nd I received a notice by mail for 614 Nathan Place Unit #508315 which was a 2-bedroom which I called Mr. Tamborsci to decline for several reasons which I was allowed to do. Mr. Tamborsci said I was not eligible for a 3-bedroom so I called the Ombudsman's office and spoke to Diane who contacted Mr. Tamborsci about my daughter's eligibility. Soon after I received a notice for a 3-bedroom. However, DMHA did not give me time to move/accept this unit located at 1829 Winston Woods (notice at my door delivered around November 10th). This unit is located about a mile away from me and a dear friend, Mary Davis lives right next door to the unit which I visited and spoke to her about being a closer neighbor etc., but then, November 24th I received a notice for 3 Alberta St. at my door."
 {¶ 11} In its answer brief, the Authority points out that because Pitsinger did not file objections to the magistrate's decision, she has waived all errors except plain errors. Divensv. Divens (October 2, 1998), Clark App. No. 97CA0112. Regularity in the proceedings in the trial court is presumed, and it is the burden of the appellant to demonstrate error. Makranczy v.Gelfand (1924), 109 Ohio St. 325, 2 Ohio L. Abs. 150, 2 Ohio L. Abs. 183, 142 N.E. 688; Davis v. Teachnor (2nd District, 1943), 41 Ohio L. Abs. 199, 53 N.E.2d 208. Mindful that Pitsinger is proceeding in this appeal pro se, we are prepared to make allowances for inartfulness in her brief, but after reading it carefully, we cannot find that she has even asserted, much less demonstrated, error in the proceedings in the trial court.
 {¶ 12} Pitsinger sought, and was granted, leave to file the transcript of the proceedings before the magistrate in the record in this appeal in the form of a CD-ROM. We have played the CD-ROM, and we have found no obvious errors in the proceedings. Indeed, it appears to us that the magistrate, David H. Fuchsman, was careful to protect the rights and interests of Pitsinger, who was appearing before him pro se. He allowed over two hours for the hearing, gave Pitsinger a full opportunity to question the Authority's witnesses and to present her own evidence, sought by his own questioning to explore any defenses that Pitsinger might have had, and also sought, both before the hearing began (but on the record), and at the conclusion of the hearing, to arrive at a negotiated result that would minimize the adverse impact of an adverse ruling upon Pitsinger and her family. In our view, the magistrate's patient conduct of this hearing could serve as an ideal model for the conduct of a pro se eviction hearing.
 {¶ 13} Because we find no error in the proceedings in the trial court, the judgment of the trial court is Affirmed.
Wolff and Donovan, JJ., concur.